## JOHN HAMILTON v. THE STATE.

### *No. 1395.   Decided October 14th, 1896.*

**1.   Rape — Prosecutrix Under Fifteen Years of Age — No Accomplice in Rape—Charge.**

By provision of Penal Code, Art. 633, it is made per se rape to have carnal intercourse with a female under the age of fifteen years, with or without her consent, she not being the wife of the accused. In such a case, the prosecutrix who consents to the act of carnal intercourse, is not an accomplice.   No case of rape can be found which would require the court to treat the prosecutrix as an accomplice, and charge the law on accomplice testimony in reference to her evidence.

**2.   Same—Outcry and Complaint.**

The rules with regard to evidence of outcry and complaint by the prosecutrix, in cases of alleged rape, have no application to the rape of a female under the age of consent (fifteen years), because carnal intercourse with such female is rape, whether with, or without her consent

**3.   Same—Evidence of Other Acts of Intercourse—Charges Limiting and Restricting.**

On a trial for rape, where evidence was permitted as to a number of acts of carnal intercourse between the parties, before the age of consent was raised to fifteen years, two of such acts being outside the county of the prosecution.   Held: The evidence was admissible to show the probability, that defendant committed the offense, as charged, in corroboration of the testimony of the prosecutrix; and, the court was not required, in the charge, to limit and restrict the purposes of such evidence.   The proper practice would have been for defendant to have asked that the prosecution be required to elect upon which particular act a conviction would be asked.

**4.   The Wife as a Witness—Cross-examination of.**

Where the wife is a witness for her husband, it is error to permit her to be cross-examined as to any new fact or declaration not testified about on her examination in chief.   And acts and declarations of the wife, made in the absence of the husband, are hearsay and inadmissible in evidence against him.

**5.   Impeachment of a Witness—Evidence in Rebuttal to Sustain.**

When evidence has been introduced to impeach a witness, by proof of contradictory statements, it is not error to permit evidence to be introduced showing that he had previously made statements agreeing with and corroborating his testimony.

**6.   Applause of the Argument of the Prosecution—New Trial.**

Where the argument of the Prosecuting Attorney is applauded by the audience, not only should the severest punishment be meted out to the offenders, but, if it were probable that the jury were influenced thereby, a new trial should be granted.

APPEAL from the District Court of Victoria.   Tried below before Hon. S. F. GRIMES.

This appeal is from a conviction for rape, the punishment being assessed at fifty years' imprisonment in the penitentiary.

The prosecutrix, Dollie Daniels, was an orphan, whose mother had, by will, given her to the defendant, and the Probate Court, of Bell County, had appointed him her guardian. She was about 12 years old when she went to live with defendant and his wife. She testified, that shortly thereafter, and in Bell County, defendant commenced having carnal intercourse with her. That she consented because she was afraid he would kill her. She testified to repeated acts of this character before they moved to Victoria County; and that it was kept up constantly until November 10th, 1895, the date alleged in the indictment. She was also permitted to testify to an act committed by defendant upon her in Calhoun County. Defendant objected to proof by the State of acts committed in counties other than the prosecution.

One of the main issues was the age of the prosecutrix. The law raising the age of consent to fifteen years became operative July 30th, 1895. The prosecutrix testified, that she was 15 years old on the 5th day of February, 1896, nearly seven months after the law took effect. The County Assessor's books, for the rendition of the ages of children for school purposes, were introduced in evidence by the State to show the age the defendant had himself rendered and sworn to as the proper age of Dollie Daniels, and these books showed her to be 14 years of age on the 20th of January, 1895.

The matters pertaining to the cross-examination of Mrs. Hamilton, the defendant's wife, are sufficiently stated in the opinion.

*Fly & Hill*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of rape, and his punishment assessed at fifty years in the penitentiary, and from the judgment and sentence of the lower court he prosecutes this appeal. There are two counts in the indictment. The first count charges a rape upon the person of Dollie Daniels, a female under the age of 15 years; and the second count charges the defendant with a rape upon the said Dollie Daniels by force, threats and fraud. The verdict in the case is general, covering both counts, and the judgment is not applied to either one of the counts, but is also general. On an examination of the records, we think it is evident that the verdict of the jury was upon the first count. The indictment charges the crime to have been committed on the 10th of November, 1895, and the prosecutrix testified that she was years old on the 5th day of February, 1896. The new law increasing the age of consent to fifteen years was passed by the Twenty-fourth Legislature, and went into effect July 30, 1895. See, General Laws, 24th Leg. p. 79. Penal Code, 1895, Art. 633. The prosecutrix's testimony as to her age is corroborated by that of her half-brother, Jim Daniels. The prosecutrix also positively testified to an act of intercourse between herself and the appellant on the 10th day of November, 1895, and the case appears to have proceeded to a conviction for this act of carnal in-

tercourse. This occurred about nightfall, in the barn of the appellant. The little brother of the prosecutrix, aged some 10 or 11 years, was at the time in the loft of said barn, within easy call. This last witness was not introduced on the trial. There is no evidence showing that the prosecutrix made any outcry, or made any report of the affair shortly thereafter. The first occasion of her making any statement in regard to it, appears to have been in the grand jury room some months afterwards. The testimony shows that the prosecutrix was a ward of the defendant, and was living with his family; and she herself testified to a number of acts of carnal intercourse with him. She does not testify that any force was used, or that he threatened her, but she says that she was afraid that he would whip her if she did not submit to his desires. She was the only witness as to the act of carnal intercourse on the 10th of November, 1895, and she testified to her age as being under 15 years. at the time. This was corroborated by her half-brother, James Daniels. Appellant complains that the court failed to charge on accomplice testimony. This is not a case calling for a charge on accomplice's testimony. An accomplice is defined to be either a principal, accomplice, or accessory in an offense. It means a person who, either as a principal, accomplice, or accessory, is connected with the crime by any unlawful act or omission on his part, transpiring either before, at the time, or after the commission of the offense, and whether or not he was present and participated in the crime. See, Wilson's New Crim. Stat., note 1; Code Crim. Proc., 1895., Art. 781. The prosecutrix in this case could not possibly, under the circumstances of this case, have been guilty of the offense of rape, and we do not believe that any case can be found that would require the court to treat the prosecutrix in a rape case as an accomplice. It is not like a case of incest or adultery, where both parties may be guilty.

It is also insisted that this conviction should not be permitted to stand, because the evidence fails to show that the prosecutrix made outcry at the time she is alleged. to have been raped, or that recently thereafter she reported the matter; and in this connection we are cited to a number of cases. But an inspection of the same shows that the question was as to the consent of the prosecutrix, and were cases in which she could consent, and where force was used. But this is not such a case. Of course, in every case, whether the party is of the age of consent or not, it would be a strong circumstance of corroboration if it be shown that the party made outcry at the time, or that recently thereafter she made report of the matter. The State was permitted to prove a number of acts of carnal intercourse between the appellant and the prosecutrix; all of them, perhaps, except two, before the age of consent was raised to fifteen years; and two of such acts were testified to as having occurred in other counties than that of the prosecution. Appellant objected to this testimony, and now assigns as error the admission of the same, and also the failure of the court to limit the purpose of same in its charge. The testimony of such other offense was admissible,.

under the circumstances of this case, to show the probability that the defendant committed the offense charged, in corroboration of the testimony of the prosecutrix. The contention of counsel that the court ought to have limited the purpose of this testimony, is not well taken. The proper practice would have been, after the testimony was admitted, to ask the court to require the District Attorney to elect for which act of carnal intercourse he would ask a conviction, and, if the court refused to make him elect, then take his bill of exceptions. This he did not do, and the jury was authorized to find him guilty of any act within the jurisdiction of the court which the evidence might show the defendant guilty of, and they could look to all the evidence in the case to determine his guilt of the particular act. Furthermore, the conviction would operate as a bar to prosecutions for other acts of carnal intercourse proven under the indictment within the jurisdiction of the court.

On the trial the State was permitted to prove by J. M. Crane that he was bailiff of the grand jury, and brought Dollie Daniels, the prosecutrix, and Mrs. Hamilton, the wife of appellant, to town. On the way, Mrs. Hamilton said: "I have been expecting this for two years. I ought to have been more strict with Dollie. I have tried to raise her right, but I now see that I was not strict enough with her." The defendant objected to this testimony, because the defendant was not present, and because such statement was immaterial, and was calculated to prejudice the jury against the defendant. The court admitted the testimony, explaining that it was admitted for the purpose of contradicting Mrs. Hamilton, who had denied having made the statement to Crain. The State was also permitted to prove by one Taylor that he was door bailiff of the grand jury, and, while Dollie Daniels was in the grand jury room, Mrs. Hamilton was with him on the outside of the grand jury room; that he could hear nothing that transpired in said grand jury room; that Mrs. Hamilton, the wife of the defendant, said to him that she was a ruined woman, and fell on her knees before him, and said that she was disgraced, and asked if the defendant would be allowed bail. It seems this evidence was admitted to impeach Mrs. Hamilton, who denied making the statement. The defendant objected to it, because it was immaterial, and because the conversation was not in the presence of the defendant, and was calculated to mislead the jury, and prejudice them against the defendant. It occurs to us that neither the testimony of Crain nor Taylor was as to any fact material in the case against the defendant, but was merely the expression of apprehension or feeling on the part of Mrs. Hamilton. Of course, if Mrs. Hamilton, when introduced on behalf of her husband, had testified to any fact or declaration in his favor, on cross-examination it was legitimate to adduce from her all connected with said act or declaration; but it would not be competent to introduce from the wife on cross-examination any new fact or declaration not testified about on her original examination. See, Hoover v. State, 35 Tex. Crim. Rep., 342. The bill of exceptions does not inform us as to whether any part of this declaration was drawn

out of the witness by the defendant. The bill, however, does indicate that she was merely inquired of as to these matters on cross-examination for the purpose of laying a predicate for her contradiction. Unless the defendant had brought out from her some part of this testimony, she would not have been permitted, even should it be conceded that the evidence was of any fact, to have testified to the same; much less would it be permissible to adduce testimony of this character, and then contradict her by other witnesses, without the court limiting and defining the purpose for which the testimony was admitted. In our view, however, the testimony, as it appears from the bill of exceptions, was of no fact or declaration against the husband, and, made in his absence, was purely hearsay, and should not have been admitted.

The State introduced J. H. Daniels in rebuttal. This witness had previously testified as to the age of Dollie Daniels, but two witnesses were introduced by the defendant who testified that said Daniels had made a statement to them materially different from the testimony delivered by him on the stand. The witness Sullivan testified for the State that on a former day of the term of the court, and about the time the witness testified that he had made the statement to them as to the age of the said Dollie Daniels, the said Daniels made a statement to him agreeing with and corroborating his testimony as to her age. In this there was no error. See, Bailey v. State, 9 Tex. Crim. App., 99; Dicker v. State (Tex. Crim. App.), 32 S. W. Rep., 541. An objection is made that the District Attorney was permitted, in his closing argument, to travel out of the record; but no charge was asked on this subject, and it is not necessary to discuss this assignment. It is also urged that the bystanders applauded the argument of the District Attorney, and that they were not fined or reprimanded by the court. The court explains that when the applause occurred he commanded silence, which was obeyed, and he ordered the sheriff to arrest any parties so offending, and to prevent a repetition; that such applause was principally in the gallery of the court room, and could not, for the moment, be controlled by the court or the sheriff, nor could it be ascertained afterwards who the offending parties were. Such conduct in the trial of a case is certainly very reprehensible, and is calculated to greatly prejudice the rights of a defendant on trial with the jury; and when such conduct occurs it should be the duty of the court to use every means in his power to ascertain the guilty parties, and to visit upon them the severest punishment that the law authorizes; and even then it is doubtful whether such action will withdraw from the jury the effect that may be produced upon them by the plaudits of a mob approving the sentiments announced by the prosecution. Where such conduct does occur, the judge should scan the record very carefully, and if it is probable that the jury were influenced thereby, a new trial should be granted. For the errors discussed and pointed out, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*