P. H. COLLIER v. STATE.

[64 South. 373.]

1. CRIMINAL LAW. *Trial. Copy of venire. Right of accused. Necessity of·demand. Evidence. Other offenses. Code 1906, section 1481.*
   Under Code 1906, section 1481 so providing, where accused on trial for a capital offense desires a copy of the special venire summoned and the indictment, he must demand the same by motion in writing before the completion of the drawing of the special venire, and on his failure to do so, the court will not quash the venire for failure to serve the list.

2. CRIMINAL LAW. *Evidence. Other offenses.*
   It is not permissible in a prosecution for rape for the state to prove, independent and distinct crimes to the one on trial, unless they form part of a system, or a part of the *res gestae*, or to identify the accused.

3. SAME. *Previous crimes. Subsequent crimes.*
   Upon the trial of an indictment, a previous or subsequent crime committed by defendant can only be proved: (a) Where it is connected with the one charged in the indictment and sheds light upon the motive of defendant, or (b) Where it forms a part of a chain of facts so intimately connected, that the whole must be heard in order to interpret its several parts, or (c) In cases of conspiracy, uttering forged instruemnts or counterfeit coin, and receiving stolen goods, for the sole purpose of showing a criminal intention.

APPEAL from the circuit court of Sunflower county.
HON. MONROE. MCCLURG, Judge.
P. H. Collier was convicted of rape and appeals.
The facts are fully stated in the opinion of the court.

*M. Ney Williams,* attorney for appellant.

*Frank Johnston,* assistant attorney-general, for the state.

REED, J., delivered the opinion of the court.

Appellant was convicted of rape committed on his daughter Ethel, a child about thirteen years old. He

was sentenced to the penitentiary for life; the jury having disagreed as to his punishment. It is shown by the testimony of Ethel that the rape was committed on her in a boat during high water, out in the woods, where appellant had gone with her to look for a horse. She did not tell of the act until perhaps a year afterwards. She said that she did not tell sooner because her father had threatened to kill the "whole family," if what he had done to her should become known. She testified that her father, after the first rape, had carried her into the woods a number of times, she said some six or seven, and assaulted her, and that she finally told her mother, because he had informed her that he was going to again carry her to the woods, and that she "would rather be dead than treated that way." Appellant testified in his defense, and denied that he had ever had sexual intercourse with his daughter.

In one of his assignments of error the appellant contends the court erred "in overruling the motion of the defendant for a copy of the veniremen served and a copy of the indictment to be served upon him or his counsel for at least one full day before the case should be tried; that being a right given by the statute to defendant."

Section 1481 of the Code of 1906 provides that "any person indicted for a capital crime shall, if demanded by him, by motion in writing, before the completion of the drawing of the special venire, have a copy of the indictment and a list of the special venire summoned for his trial, delivered to him or his counsel at least one entire day before said trial." It is shown by the testimony of one of the counsel for appellant that the court's attention was not called to the motion in proper time. We quote from his testimony taken on the hearing of the motion for a new trial as follows: "Q. Did you call the court's attention, either directly or indirectly, to the motion for a copy of the special venire and indictment? A. I did not call the court's attention to it. Q. And you

did not call counsel's attention to it? A. I did not. Q
And you did not call the district attorney's nor the county
attorney's attention to it? A. No, sir. Q. You did not
call my attention to it as employed counsel representing
the state? A. I called nobody's attention to it. I filed
it as the law requires." Later, when counsel presented
to the court an order overruling the motion, the court
declined to give it, stating that such action was "because
the court's attention was never called to the motion, and
the court never made any order on it at all at any time.
The court had no knowledge of it until the motion was
made on yesterday to quash the special venire *facias,* be-
cause a copy of the indictment and a list of the special
venire had not been served."

We think the court was entirely correct. It was the
duty of the counsel for appellant to present his motion
to the court for action before the completion of the draw-
ing of the special venire. Under the statute the copy of
the indictment and list shall be given defendant upon his
demand. We do not see how a court can act upon a de-
mand, unless it is brought to the court's attention.

Another assignment of error by appellant is that the
court erred "in permitting testimony of the witness Ethel
Collier, over the objection of defendant, as to subsequent
crimes of rape committed upon her by defendant; the
state having proved the first crime, each act being a sep-
arate crime, and the indictment only charging one of-
fense."

It will be seen that the prosecutrix testified to acts of
intercourse, which amounted to rape, by appellant sub-
sequent to the offense alleged in the indictment. Was this
testimony admissible?

We find the law touching the proof of other acts upon a
trial on a charge of rape clearly stated in 33 Cyc., p.
1483, as follows: "As a general rule proof of other
acts than that charged is inadmissible, unless they are
part of the *res gestae,* or come within some other excep-

tion to the rule including evidence of other offenses. In prosecutions for statutory rape on a female under the age of consent, or of a woman imbecile, it is generally held that proof of acts prior to that alleged in the indictment is admissible, unless they are too remote in point of time. Subsequent acts are not admissible in some jurisdictions, unless they are part of the *res gestae*; but in other jurisdictions it is held that proof of subsequent acts is admissible by way of corroboration or explanation of the act on which the indictment is based, unless such subsequent acts are too remote. In some states it has been held that, on an indictment for rape by force or threats, it is competent to prove an attempt at some prior time, not too distant, to commit the same offense or the actual commission thereof; but it is generally held that, in prosecutions for rape by force, proof of other acts committed on the prosecutrix or others is not admissible.''

Formerly it was held in Texas that acts of sexual intercourse between the parties occurring subsequent to the particular act of rape charged was admissible. This rule, however, is not now followed by the Texas courts. In the case of *Smith* v. *State* (Tex. Cr. App.), 73 S. W. 401, wherein it was decided that, ''in a prosecution for rape, evidence of acts of intercourse committed with the prosecutrix subsequent to the offense alleged in the indictment is inadmissible in corroboration, or to convict accused on general principles.'' BROOKS, Judge, delivering the opinion of the court, said: ''It is not permissible to prove independent and distinct crimes to the one on trial, unless they form part of a system, or part of the *res gestae,* or to identify the accused.'' In sustaining the contention by appellant in that case that the court erred in permitting the prosecutrix to testify of other acts of intercourse with defendant occurring subsequent to the act upon which prosecution was based, Judge BROOKS stated: ''The court should have instructed

the jury to disregard this testimony, since, as stated above, the testimony was not admissible for any purpose. However, we are apprised of the fact that we held, in *Hamilton* v. *State,* 36 Tex. Cr. R. 372, 37 S. W. 431, *Cooksey* v. *State* (Tex. Cr. App.), 58 S. W. 103, and perhaps other cases, that such testimony should not be limited, but was admissible to show the probability that defendant committed the offense as charged, in corroboration of the testimony of the prosecutrix. However, we were in error in so holding, inasmuch as said testimony is not admissible for the purpose of corroboration, and where the crimes are extraneous, not connected with, entirely independent of, and distinct from the one on trial, they can shed no light on the trial of accused, and its sole purpose would be to convict accused on general principles—that is, to show that accused was guilty of the crime of rape on trial because he had previously committed other rapes. It could not be corroborative of the prosecutrix for her to testify to one rape, and then corroborate this fact by testifying to another rape. There is no rule of law supporting the proposition that a witness can corroborate herself by swearing to one fact, and then swearing to another fact, and insisting that such other fact was corroborative of the previous statement.''

We approve the law as stated in the case of *Smith* v. *State, supra,* and consider it applicable to the case at bar. The several subsequent acts testified to by Ethel Collier were independent of each other, and were distinct offenses, and should not have been admitted in the trial of this case. She testified to one offense, and then corroborated her own testimony by testifying to other offenses.

In the case of *Cecil* v. *Territory,* 16 Okla. 197, 82 Pac. 654, 8 Ann. Cas. 457, it was decided that, "in a prosecution for rape, acts of sexual intercourse between the defendant and the prosecutrix occurring subsequent to the

one charged in the indictment and relied on by the prosecution for conviction should not be considered by the jury, either in corroboration of the main offense charged or for any other purpose, as proof of subsequent offenses has no tendency to prove that prior to such offenses the defendant had probably committed the crime charged against him."

In the case at bar there is no question as to the prosecution being based upon the act shown by the testimony of Ethel to have been committed in the boat during high water. Her testimony at the first is directed entirely to this act, and, after the state had fully examined her relative to this first offense, questions were asked which elicited the testimony from her to the effect that he had repeated the assault upon her.

It has been said that, in prosecutions for sexual crimes, subsequent offenses are frequently allowed to be shown. We believe, however, that this should be confined to such sexual crimes as adultery, and not be permitted in rape cases like that at bar.

In cases of rape, in so far as it concerns the testimony showing subsequent acts, we think that there should be no departure from the general rule of evidence that proof of a crime distinct from that alleged in the indictment must not be introduced against the accused. In the case of *Raines* v. *State*, 81 Miss. 489, 33 So. 19, it is stated that "evidence should be confined to the issue joined, and in criminal cases it should be directed exclusively to the transactions of which the indictment is predicated." In that case the rule relative to testimony of previous crimes was announced in the following language: "Upon the trial of an indictment, a previous crime committed by defendant can be proved only: (a) Where it is connected with the one charged in the indictment, and sheds light upon the motive of defendant; or (b) where it forms a part of a chain of facts so intimately connected that the whole must be heard in order to interpret its sev-

eral parts; or (c) in cases of conspiracy, uttering forged instruments or counterfeit coin, and receiving stolen goods, for the sole purpose of showing a criminal intention.''

We approve this rule. We deem it applicable in this case, although the separate crimes testified to were subsequent instead of previous to that charged. Applying the rule, the testimony as to subsequent acts in this case was inadmissible.

Because of the error in admitting testimony to subsequent acts of sexual intercourse between appellant and prosecutrix, this case is reversed and remanded.

*Reversed and remanded.*