[No. 11977. Department Two. October 8, 1914.]

THE STATE OF WASHINGTON, *Respondent,* v.
JOHN CORCORAN, *Appellant.*[1]

BURGLARY—EVIDENCE—INTENT—COURSE OF CONDUCT — ADMISSIBILITY. Upon a prosecution for burglary, committed by an employee in a harness shop, who was furnished a key and authorized to open and close the shop at certain hours, it is admissible, as proving a course of conduct tending to show the intent of the defendant in entering the shop at unusual hours and upon the occasion charged, for the state to prove, although it shows the commission of other offenses, that defendant had padded an inventory made by him of stock about his work bench and in the basement, that he had entered the shop when no one was present at unauthorized hours, and taken articles therefrom, and had concealed finished goods which were afterwards taken away; and such intent may be shown notwithstanding Rem. & Bal. Code, § 2580, providing that an unlawful breaking and entering shall be deemed to be with intent to commit a crime.

BURGLARY—UNLAWFUL ENTRY—RESTRICTED RIGHT TO ENTER—EVIDENCE—QUESTION FOR JURY. In a prosecution for burglary, whether the defendant, who had a key to the premises, had an unrestricted and unlimited right of entrance thereto and could not therefore be guilty of the crime of burglary in carrying away goods or whether the right of entry was limited to the usual hours of employment, are

[1] Reported in 143 Pac. 453.

questions for the jury, where the evidence showed that he was fur-
nished a key by the prosecuting witness and told to open the store in
the morning at about seven o'clock, and that the closing time was in
the evening about six o'clock, but that the defendant had entered
the store at five o'clock in the morning and in the evening when no
one was present, remaining a short time, and taking articles there-
from, and that while there was testimony to the effect that the
prosecuting witness had knowledge that defendant had entered the
store after the closing time, and made no objections, the times in
question were special occasions when the defendant worked over-
time.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered November 17, 1913, upon
a trial and conviction of burglary. Affirmed.

*W. C. Donovan* (*Geo. H. Armitage*, of counsel), for ap-
pellant.

*Geo. H. Crandell*, *F. M. Goodwin*, and *D. B. Heil*, for re-
spondent.

Mount, J.—The defendant was convicted upon a charge
of burglary in the second degree. He appeals from a judg-
ment pronounced upon the verdict of a jury. His counsel
assigns several errors, which are argued under two heads, to
the effect that the court erred in permitting certain evidence
offered on behalf of the state, and in denying a motion to
dismiss at the close of the state's evidence, in refusing to di-
rect a verdict at the close of all the evidence, and in denying
the appellant's motion for a new trial.

It appears that the appellant was employed by the Pierce
Harness Company, from about May, 1912, to July, 1913,
as a cutter in the harness shop conducted by that company,
in Spokane. At the time the appellant was employed by Mr.
Muffett, manager of the harness company, a key was given
to the appellant which permitted him to enter the store and
harness shop. At the time the key was given to him, it was
stated that he was to open up at about seven o'clock in the
morning. Thereafter, in January, 1913, an invoice of the

stock on hand was made by the harness company. At that
time, the stock of goods in the basement of the building, and
the stock about the work bench of the appellant, was in-
ventoried by the appellant. Sometime thereafter, Mr. Muf-
fett discovered that articles of finished harness were hidden
away around the work bench of the appellant. These hidden
articles were marked, and left there by Mr. Muffett. They
afterwards disappeared, or their hiding places were changed.
Thereafter, Mr. Muffett employed men to watch the store for
two or three hours before opening time in the morning, and
for three or four hours after closing time in the evening.
Evidence was offered on the part of the state to the effect
that the inventory made by the appellant was padded; that
is, that a greater amount of goods were reported on hand
than were actually there. Evidence on the part of the state
was also admitted to the effect that the appellant was seen
upon different occasions to enter the store at five o'clock in
the morning, remain there for a time, then leave and return
to the store at the regular opening time; that he did the
same thing upon certain evenings after closing time; and
that, upon one occasion, on the night of May 9, 1913, the
appellant was seen to go into the store, stay in there for
about an hour, take some chamois skins in his pocket, and
go out. Upon another occasion, on May 24, 1913, at about
five o'clock in the morning, he went into the store by the use
of his key, remained there for a while, took a gunny sack
filled with something into the alley, had a conversation in the
alley with some person unknown, and returned to the store
with the gunny sack. Thereafter, and about July 1, Mr.
Muffett confronted the appellant, and accused him of taking
goods from the store. Mr. Muffett testifies that the appel-
lant admitted having done so. The appellant, however, de-
nied that he took goods from the store upon these occasions,
or at any other time.

It is argued by the appellant that it was error for the court
to permit evidence relating to the padding of the invoice, or

to the taking of the chamois skins on May 9, 1913, or of finding the secreted articles in and about the work bench of the appellant. It is contended that this was error because it permitted the state to prove an independent crime, and thereby prejudice the jury against the appellant. There can be no doubt that, as a general rule, evidence of other distinct criminal acts cannot be introduced to prove a defendant guilty of an independent crime charged against him. This court has frequently so held. But there are exceptions to this rule. The exceptions are well stated in the case of *Collier v. State* (Miss.), 64 South. 373, where it was said:

"Upon the trial of an indictment, a previous crime committed by defendant can be proved only: (a) Where it is connected with the one charged in the indictment, and sheds light upon the motive of the defendant; or (b) where it forms a part of a chain of facts so intimately connected that the whole must be heard in order to interpret its several parts; or (c) in cases of conspiracy, uttering forged instruments or counterfeit coin, and receiving stolen goods, for the sole purpose of showing a criminal intention."

This court has held to the same effect. In *State v. Pittam*, 32 Wash. 137, 72 Pac. 1042, it was said:

"It is a well-established rule that it is not competent to show the commission by the defendant of other distinct crimes for the purpose of proving that he is guilty of the crime charged; but, for the purpose of construing the actions or of ascertaining the intent of the defendant in the commission of the acts proven, other independent culpable acts are sometimes admissible in evidence. . . . We think it was competent to show that in the general scheme he adopted in keeping his accounts with his employer, the result was the appropriation by him of the funds of the employer; not for the purpose of prejudicing a jury against him by proving the commission of independent crimes, but to throw light on his intentions in the perpetration of the particular transaction constituting the crime charged."

And in *State v. Dana*, 59 Wash. 30, 109 Pac. 191, we said:

"Of course, if the offered testimony was relevant to the issues in this case, the fact that it tended to show the commission of another and different crime would not exclude it."

And in *State v. Leroy*, 61 Wash. 405, 112 Pac. 635, we said:

"Testimony otherwise relevant does not become incompetent because it may tend incidentally to show that the accused has committed another crime."

It is true, the statute provides at Rem. & Bal. Code, § 2580 (P. C. 135 § 653), that every person who shall unlawfully break and enter any building where property is kept for use, sale or deposit shall be deemed to have broken and entered with intent to commit a crime therein, but this does not prevent the state from showing the intent of the person breaking and entering. The effect of the evidence which was introduced was to show a course of conduct on the part of the appellant. The padding of the inventory, the concealment of goods which were afterwards taken away, the fact that the appellant entered the store when no one else was present, and out of hours, and took articles from the store, tended to show the intent of the appellant upon entering the store at unusual hours, and upon the occasion charged. We are clearly of the opinion that, for the purpose of showing intent, the course of conduct of the appellant was properly in evidence in this case, and falls within the exception to the rule rather than within the rule.

It is next strenuously argued by the appellant that the court should have granted the motion for a directed verdict at the close of the state's evidence, and at the close of all of the evidence. This argument is based upon the fact that the appellant was furnished with a key to the premises, and therefore had a right to enter the building whenever he saw fit, and that there could be no breaking, and therefore no burglary, when the entry was with the consent of the owner of the building, or upon his invitation, express or implied. There can be no doubt that, if the furnishing of the key to the

building by the prosecuting witness authorized the appellant to enter the store at any time of the day or night, then there could be no unlawful breaking or entering. The evidence upon this point was sufficient to take the case to the jury. The prosecuting witness testified that he furnished a key to the appellant, but told him at the time that he was to open the store in the morning. It was stated that the opening time in the morning was about seven o'clock. The closing time was in the evening about six o'clock. The authority of appellant to enter the store, according to this evidence, was the usual hours of work. There was some testimony offered on behalf of the appellant to the effect that the prosecuting witness knew that the defendant had entered the store on different occasions after the time, and no objections were made thereto, but these were special occasions when appellant worked overtime, so that the question of whether or not appellant's authority to enter the store before the regular hours for opening, or after the hours for closing, was a question for the jury to determine under the evidence in the case. The court very properly instructed the jury upon this point, as follows:

"If one having the right to do so goes into a building, that would not be breaking and entering, no matter what his object was in going into the building. One's right to enter a building may be general or limited. If general, then he may go into the building at any time or for any purpose and the entry would not be wrongful; but if the right is limited, then an entry would be wrongful unless made for a purpose for which he had been given the right. It will be your duty to determine from the evidence in this case whether the right which the defendant had in going into the building was general or limited. If you find that the defendant's right to enter was general, that is, not restricted to purposes of his employment, then he could not be found guilty of burglary, no matter what his object may have been in going into the building. In order to prove the defendant guilty as charged in the information it will be necessary for the state to show that the entry was wrongful, by the evidence, and beyond a

reasonable doubt, and to show that it was wrongful the state must show that the defendant's right to enter the building was not a general and unrestricted right, but one that was limited; and they must further show that the defendant entered the store on May 24, for some purpose other than that for which he had a right to enter."

The instructions were not excepted to, and are apparently conceded by the appellant to have been proper. This was the principal question in the case. If the appellant had the right to enter the store by the use of his key at any time in the day or night, that is, had an unrestricted and unlimited right of entrance, he could not be guilty of the crime of burglary, even though he carried away the goods from the store. In such event, the crime would be larceny, and not burglary. But if his right to enter was limited to the usual hours of employment, and after hours of employment, he used the key for the purpose of entering the store with intent to unlawfully take articles therefrom, he was clearly guilty of burglary. 6 Cyc. 180, and cases there cited.

We are satisfied from the whole record that the evidence offered was admissible in this case, and that there was sufficient to take the case to the jury, and that the court did not err in denying the motions made by the appellant.

The judgment is therefore affirmed.

CROW, C. J., FULLERTON, PARKER, and MORRIS, JJ., concur.