### ESTES *v*. STATE.

[90 South. ·30. No. 21507.]

1. CRIMINAL LAW. *Court will not quash venire for failure to serve list and indictment where not demanded before completion of drawing.*

Under Code 1906, Section 1481 (Hemingway's Code, Section 1239), where an accused on trial for a capital offense desires a copy of the special venire summoned and the indictment, he must demand the same by motion in writing before the completion of the drawing of the special venire and on his failure to do so the court will not quash the venire for failure to serve the list.

2. CRIMINAL LAW. *Accused held to have waived objection for failure to serve jury list.*

Where the accused, on trial for a capital offense, announced ready for trial on the return day of the special venire *facias* issued in the cause, and without objection permitted the impaneling of a jury to be proceeded with until twelve jurors had been accepted by the state and tendered to the defendant, he waived his right to object to the venire on the ground that no copy of the list of jurors summoned had been served on him or his counsel.

APPEAL from circuit court of Winston county.

HON. T. L. LAMB, Judge.

Jesse Estes was convicted of murder, and he appeals. Affirmed.

*J. B. Gully, H. H. Rodgers* and *Z. A. Brantley,* for appellant.

Now, the law contemplates clearly that a copy of the indictment and a list of the special venire summoned for his trial be delivered to defendant or his counsel, at least one entire day before set for trial, and this was not done because the copy did not show the sheriff's return of service on any of the jurors, and after the motion was filed, as shown on pages 26 and 27, the district attorney, over the objections of the defendant, made the following return upon the *venire facias*: "I have on this day at the hour of 8:15 o'clock, A. M., delivered to H. H. Rodgers, counsel for the defendant, Jesse Estes, copy of indictment and a list of special venire summoned for his trial. This the 15th day of July, 1920, C. C. McNeel, sheriff. Returned and filed this the 15th day of July, 1920.

R. E. L. KIRKPATRICK, Circuit Clerk,<br>By G. W. E. BENNETT, D. C.

This return was made on the *venire facias* on the 16th day of July, 1920, over the objections of the defendant by the district attorney after the state had accepted twelve men, and for the first time the defendant was called upon to pass upon the jurors. The motion was made and then the district attorney made the above return. The list submitted to the counsel summoned from the special *venire facias* did not show above the signature of the sheriff that they had been summoned and then were under process of this honorable court to serve as jurors to try Jesse Estes and hence, it was no notice in contemplation of law that said men had been summoned and served with the proper legal process to try said cause, as shown on pages —— and —— of the record. A copy of the indictment and list of the special venire summoned for his trial was not delivered to the defendant, or his counsel, one entire day before said cause was set for trial, hence, the defendant did not have the benefit of what the law gives him and the motion was

filed to quash the special venire for that reason, as shown on pages —— and ——.

A list of the jurors that were called and ordered to be summoned by the court was of no benefit and could not have been any benefit to this defendant. The law means, if it means anything, that a copy of the indictment of a list of the jurors summoned shall be given to the defendant, or his counsel, twenty-four hours before the case is set for trial and, in this instance it was not done.

The return of the sheriff had not been made showing that they had not been summoned, signed by the sheriff or his deputy showing that they had been summoned, served with process of the court as jurors to be called on the date that the cause was set. Now after the state had selected twelve men and this motion, as shown on pages 26 and 27, had been filed, then the district attorney undertook to cure this error which could not then have been done, as the defendant had not such notice as the law contemplates, wrote on the indictment the return of the sheriff on the 16th day of July and dated it the 15th day of July, as shown on record pages —— and ——. The law is on all fours in this state that it must be a true copy of the indictment and a copy of veniremen summoned in said *venire facias* and if the record shows that this has not been done then the error is vital and the defect fatal.

The word "summoned" means an executed process and the proof of the executed process is that the writ, paper of *venire facias* must show by the proper officer and he is the sheriff in this case, that it has been served. 7 Words & Phrases, page 6787; *United States* v. *Rose, 6,* Fed. 136, 137.

The statute specifically lays down this exact language in section 1239, Hemingway's Code: "Any person indicted for a capital crime shall, if demanded by him, by motion in writing, before the completion of the special venire, have a copy of the indictment and a list of the special venire summoned for his trial, delivered to him or his counsel at least one entire day before said trial. Any person in jail charged with capital crime, or who is indicted for such

crime, and who is unable to employ counsel, shall at his request, be allowed counsel not exceeding two, to be chosen for him by the judge in vacation or by the court, to defend him in the circuit court, upon the trial of such charge, and such counsel selected and appointed by the judge or court shall have free access to the prisoner, who shall have process to compel the attendance of witnesses in his favor."

Now in this case the motion was made for a special venire, as shown on record pages 26 and 27, and the first time this defendant was called upon to pass upon the jury was after twelve men had been called for the state and accepted, then this defendant for the first time had an opportunity to raise the question as to his legal objection to the *venire facias,* which he did. In the case of *Collier* v. *State,* 64 Miss. 373.

There was no motion made for special venire, hence the court's attention was not called to it until the case had been tried and motion for new trial had been made. Of course the court could not act in that behalf but in this instance a motion for special venire was made by the state's attorney, and, the defendant asked in writing for a copy of the venire summoned and of the indictment and to this he was entitled, but he did not receive a copy of the indictment and the veniremen summoned as the law requires; he received a paper without a return or the signature of the sheriff, showing that said veniremen had been summoned a non-compliance in *toto* with the requirements of the law.

*Frank Robinson,* attorney-general, for the state.

We think none of the errors assigned for reversal of this case have substantial merit. The state asked for a special venire which was granted by the court. Defendant, by his attorneys, filed a motion that they be served with a copy of the special *venire facias,* with a copy of the indictment thereon, one day before the trial. The court's attention is particularly directed to the fact that the record contains no order of the court on the motion of the defendant

that he be furnished with a copy of the *venire facias* and indictment. So far as may be ascertained from the record, this motion may never have been presented to the court. Furthermore, it cannot be ascertained from the record or the brief whether the motion was abandoned and the privilege waived by the defendant. If the motion was not presented, and so far as the record shows, it was not, the question could not be subsequently raised. *Collier* v. *State,* 106 Miss. 613.

When the case came on for trial both state and defendant announced ready when the state had accepted the jury, and it was tendered to the defendant, then, and for the first time the defendant moved to quash the special *venire facias,* because the return on the copy failed to show a service of twenty-four hours, as required by law.

This motion was overruled by the court,·because the defendant made no objection to the empaneling of the jury, and only raised the question after the jury had been tendered to the defendant. The motion to quash the writ of *venire facias* was properly overruled, because the record does not show that the motion of the defendant for the twenty-four hours' service was ever called to the attention of the court, and there is no order thereon.

It would seem to be inescapable that the action of appellant in not insisting upon his alleged legal right as to the copy of the *venire facias* and indictment before the court began empaneling the jury to try the case constituted a waiver. The defendant certainly cannot play fast and loose with the court by announcing ready, withholding objections and then looking at the jury obtained by the state, to see whether it was satisfactory or not, at that late date object to proceeding in the case.

If the matter had been called to the attention of the court at the proper time, it could only have meant a postponement of the case for one day. There is no question of jurisdiction involved, and therefore, the action of the appellant certainly constitutes a waiver.

COOK, J., delivered the opinion of the court.

Appellant was convicted of murder, and sentenced to life imprisonment, and from this conviction and sentence he prosecutes this appeal.

He assigns as error the action of the court in overruling a motion to quash the special *venire facias.* This motion to quash is based upon, the ground that the original *venire facias* shows no return of service upon the jurors as the law requires, and shows no service upon the defendant or his counsel for one entire day as the law directs. The motion to quash further recites that—"The defendant filed a proper motion asking for the service of such *venire facias* upon defendant or his counsel for one entire day as the law directs."

While the motion to quash recites that a proper motion for the service of a copy of the list of jurors summoned was filed, the record wholly fails to disclose any order of the court upon this motion, or that it was called to the attention of the court at the proper time, or at any time prior to the filing of the motion to quash the *venire facias.* Under section 1481, Code 1906 (section 1239, Hemingway's Code) :

"Any person indicted for a capital crime shall, if demanded by him, by motion in writing, before the completion of the drawing of the special venire, have a copy of the indictment and a list of the special venire summoned for his trial, delivered to him or his counsel at least one entire day before said trial."

But this motion must be presented to the court in proper time. In *Collier* v. *State,* 106 Miss. 613, 64 So. 373, this court said :

"It was the duty of the counsel for appellants to present his motion to the court for action before the completion of the drawing of the special venire. Under the statute the copy of the indictment and list shall be given the defendant upon his demand. We do not see how a court can act upon a demand, unless it is brought to the court's attention."

The motion to quash the *venire facias* was therefore properly overruled, for the reason that it does not appear that the motion demanding a copy of the list of jurors summoned was called to the attention of the court at the proper time.   There is, however, an additional reason why this motion was properly overruled.   The record affirmatively shows that when the case was called for trial on the return day of the *venire facias* both the state and the defendant announced ready for trial.   Thereupon the impaneling of the jury was proceeded with until twelve jurors had been accepted by the state and tendered to the defendant.   Then it was that appellant for the first time registered an objection to the venire, and filed his motion to quash the *venire facias*.   This was entirely too late.   When he announced ready for trial and permitted the impaneling of the jury to proceed without objection, he waived his right to object to the venire upon the ground that no copy of the list of jurors summoned had been served upon him.

We find no reversible error in any of the other assignments.   The testimony amply supports the verdict of the jury, and the judgment of the lower court is therefore affirmed.

*Affirmed.*