## ARMSTRONG v. STATE.  (No. 7300.)

(Court of Criminal Appeals of Texas.  April 18, 1923.  Rehearing Denied June 27, 1923.)

**1. Witnesses ⚖370(3)—Evidence establishing animus on part of prosecutrix's mother, who did not testify, held properly excluded.**

In a prosecution for rape of a child under the age of 15 years, *held*, that it was not error to exclude testimony offered by defendant to show bias or ill feeling against him on the part of the prosecutrix's mother previous to the alleged offense which defendant alleged resulted in her inducing or forcing the prosecutrix to charge him with the offense, where the prosecutrix's mother had not herself testified; the ruling being that evidence showing motive or animus of a party which might discredit that party is inadmissible where the party does not testify.

**2. Criminal law ⚖678(½)—Court's election in submitting case of act committed subsequent to that charged in indictment held not error.**

In a prosecution for rape under an indictment charging one offense on a particular date,

and where the proof established pregnancy resulting from an offense on a date subsequent to that charged in the indictment, *held*, that the court in submitting the case to the jury did not err in electing the act shown by the evidence to have been committed on the subsequent date.

**3. Rape ⚖51(5)—Evidence held to sustain conviction though prosecutrix under age of consent made no outcry.**

In a prosecution for rape of a child under the age of 15 years, evidence *held* sufficient to sustain conviction, though the prosecutrix made no outcry or report of her improper relations; the rule sought to be applied having no application where prosecutrix could not have legally consented.

Appeal from Criminal District Court, Harris County;  C. W. Robinson, Judge.

C. K. Armstrong was convicted of statutory rape, and he appeals.  Affirmed.

Jno. M. Cobb and J. S. Bracewell, both of Houston, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J.  Conviction is for statutory rape upon Leona Dotson, punishment being assessed at confinement in the penitentiary for life.

Appellant is a man 62 years of age.  For many years he had lived with the Dotson family practically as a member thereof.  Leona Dotson would not have reached her fifteenth birthday until November 25, 1922. She testified that improper relations between her and appellant began about the 1st of November, 1920, and continued for some months; that in January, 1921, as the result of these relations with him, she became pregnant and gave birth to a child in October, 1921.  She was attending school at the time, but on account of continued nausea resulting from the early months of pregnancy it became necessary for her to quit school in February.  Upon reporting her condition to her mother (May Dotson), she was taken to a physician, and his report that she was pregnant seems not to have been believed by her mother, who took her to another physician for further examination.  After this a complaint was filed against appellant by Mrs. Dotson or at her instance.  While Leona Dotson was being cross-examined by counsel for appellant, she was asked repeatedly if her mother had not influenced her to lay the blame of her condition upon appellant, which she steadfastly denied.  She was also asked if the relations between her mother and appellant were unfriendly, to which she replied that for some time they had not gotten along well.  Appellant's questions sought to elicit that this unfriendliness between her mother and him was because of

some trouble or controversy relative to property in which appellant claimed to have an interest. Leona denied knowledge of this and said their "fussing" was with reference to her; that appellant had undertaken to tell her what to do and what not to do, which was resented by her mother. Appellant denied any improper relations whatever with prosecutrix and asserted she would not have claimed he was the author of her shame if she had not been forced to so report. He claims to have talked to Mrs. Dotson about Leona's condition, and that in reply to a question from Mrs. Dotson as to what he thought was the matter with Leona, he told her he thought she had been running around with the boys. Outside of this statement of appellant, there is not the slightest suggestion in the record that she kept company with any boys. It is not shown that she ever went out with any, or that she was ever visited by any boys at her home. Leona testified that she heard appellant tell her mother he thought witness had tuberculosis.

Mrs. May Dotson was not called as a witness by the state. Practically all the bills of exception in the record relate to the exclusion of offered testimony by appellant, some of which would have been pertinent as tending to show her bias or animus against him. He desired to prove that a life insurance policy had been taken out in her favor by appellant upon which she had paid the premiums. He further offered to prove a purported conversation had with May Dotson by several witnesses to the effect that appellant was claiming an interest in her property, and was also claiming certain personal property, and had been talking about bringing suit for partition, but that since he had been arrested on the instant charge she supposed he could not do it. He also tendered proof that a bill of sale to certain personal property purchased by him had been changed by the mother of prosecutrix showing her to be the owner instead of appellant. He further offered to prove an agreement entered into between him and May Dotson and her husband that appellant was to furnish the money for purchasing certain property in the city of Houston which May Dotson was to hold in trust, one half for herself and the other half for appellant. The state objected to the introduction of all this testimony practically on the same ground, to wit, that the same was irrelevant to any issue in the case and did not tend to throw any light thereon; that May Dotson was not a witness, and the testimony being relevant only for the purpose of impeaching her or arriving at her animus, had no place in the record in the absence of her having testified against appellant.

[1] Appellant concedes in his brief that the general rule excludes evidence showing motive and animus of a party, or which might tend to discredit such party, unless called as a witness. We fail to discover in the record before us anything presenting an exception to the rule. It is true appellant asserts that prosecutrix would not have charged him with being the father of her child unless she had been forced to do so. But there is nothing in the record to substantiate such assertion. One of the doctors who examined the girl was asked if Mrs. Dotson did not make Leona charge her condition to appellant; he replied in the negative. This unfortunate child from the time of the discovery of her condition persistently and consistently asserted that appellant was the father of her baby, and that he only had been guilty of improper relations with her. No evidence was offered which even tended remotely to show familiarity on her part with any other man or boy. Appellant and Mrs. Dotson may have had some differences over property, but this was immaterial in the investigation of the charge against him where she was never called to testify to any fact hurtful to him. That some one had violated the innocent childhood of this unfortunate girl was a fact placed beyond dispute when she became a mother before reaching her fourteenth birthday. There is not a word of evidence pointing to any one other than appellant as the guilty party. Under such state of the record, the verdict of the jury and the judgment thereon is binding on us.

[2] The indictment alleges the offense to have been committed on November 1, 1920. The proof shows the first act of intercourse to have occured about that time, but the act which resulted in pregnancy took place about January 1, 1921. In submitting the case to the jury the court elected the act shown by the evidence to have been committed on or about the 1st of January. There was no error in such action of the court. Section 1789, p. 1005, Branch's Ann. Pen. Code.

[3] Appellant insists the evidence is insufficient to support the conviction because the prosecutrix failed to make an outcry and report her improper relations with appellant until the condition of her pregnancy made concealment no longer possible. The rule contended for by appellant has never been applied to consent cases. The reason for an application of a different rule where the act of intercourse is with permission of one who cannot legally give consent thereto is illustrated by Hamilton v. State, 36 Tex. Cr. R. 374, 37 S. W. 431; Ramsey v. State (Tex. Cr. App.) 63 S. W. 875; Hill v. State (Tex. Cr. App.) 77 S. W. 808. Many cases are cited by appellant where this court has commented upon the effect of the failure of the female to make prompt complaint of the alleged rape, but in most instances it is where the offense is alleged to have been committed by force and without consent. The rule there applied and commented on has no application to the instant case.

Finding no error in the record calling for a

reversal, and the evidence being sufficient to support the verdict, the judgment is affirmed.

### On Motion for Rehearing.

LATTIMORE, J. Appellant urges in his motion for rehearing chiefly that the facts are insufficient to support the conviction. We have again carefully reviewed them in view of the severe penalty inflicted by the jury and are but more convinced of the correctness of our former decision. It was not disputed that the girl in question gave birth to a child, nor that she was under age, nor that she had lived in the house with appellant for many years, nor is there suggestion of improper association on her part with any other male person. She swears positively that appellant is the father of her child. Nothing in the record in any wise contradicts this except the testimony of appellant himself.

We have again reviewed the record in the light of appellant's insistence that he should have been permitted to prove the acts, statements, and conduct of the mother of the girl; it being asserted that such proof would shed light upon the motive behind the prosecution and in some way cause the jury to disbelieve or discredit the testimony of the prosecutrix. We know of no authority in line with the contention of appellant. The mother was not a witness in the case, nor is there anything in the record suggesting any effort on her part to improperly influence prosecutrix.

Finding no error in the record, and being unable to agree with appellant, the motion for rehearing will be overruled.