[No. 81-3.    Division Three.    July 28, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. JIMMY HILL, *Appellant*.

*Terry P. Watkins,* for appellant.

*Lincoln E. Shropshire, Prosecuting Attorney,* and *Gary G. McGlothlen, Deputy,* for respondent.

MUNSON, C.J.—The sole issue involved in this appeal is whether an entry through a closed but unlocked door of a 24-hour laundromat with the intent to commit a crime therein constitutes burglary within the purview of RCW 9.19.020.[1] We answer in the negative.

On June 9, 1969 defendant, in the company of two others, admittedly entered the Fair Avenue Laundromat in Yakima County for the specific purpose of breaking into the coin box of a pay telephone located therein. Their attempt was unsuccessful and defendant was apprehended while

---

[1]"Every person who, with intent to commit some crime therein shall, under circumstances not amounting to burglary in the first degree, enter the dwelling house of another or break and enter, . . . any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years."

fleeing from the scene. Defendant was charged with second-degree burglary, tried by the court and found guilty.

The trial court, relying upon *State v. Corcoran*, 82 Wash. 44, 143 P. 453 (1914)[2] held: The right of the public to enter the building was a limited one; the consent given the public by the owner to enter was not to commit a crime therein, but rather to use the facilities available; consequently, defendant's entry by opening the outer door of the laundromat constituted a breaking within RCW 9.01.010(20)[3] and, coupled with the specific intent to commit a crime therein, constituted burglary within RCW 9.19.020.

We are unwilling to so extend the burglary statute, based on the holding of *State v. Corcoran, supra*, since that case dealt with a special situation involving an employee, and not the general public, whose authority to enter was expressly limited by the employer.

Criminal statutes are to be strictly construed against the state and in favor of the accused. *State v. Thompson*, 38 Wn.2d 774, 232 P.2d 87 (1951); *State v. Hemrich*, 93 Wash. 439, 161 P. 79 (1916); 3 Sutherland, Statutes and Statutory Construction §§ 5604-05 (3d ed. Horack 1943). While many states by statute have broadened the common law definition of burglary[4] and eliminated the necessity for

---

[2]The essence of the *Corcoran* holding is clearly set forth at page 50 where it states:

If the appellant had the right to enter the store by the use of his key *at any time in the day or night,* that is, had an unrestricted and unlimited right of entrance, he could not be guilty of the crime of burglary, even though he carried away the goods from the store.

(Italics ours.)

[3]"The word 'break,' when used in connection with the crime of burglary, shall include:

" . . .

"(b) Opening, for the purpose of entering therein, any outer door of a building . . ."

[4]*People v. Schneller*, 69 Ill. App. 2d 50, 216 N.E.2d 510 (1966); *State v. Keys*, 244 Ore. 606, 419 P.2d 943 (1966) which has an additional statute making it unlawful to enter with intent to steal or commit a felony therein; *State v. Bull*, 47 Idaho 336, 276 P. 528 (1929); *Pinson v. State*, 91 Ark. 434, 121 S.W. 751 (1909); *People v. Brittain*, 142 Cal. 8, 75 P. 314 (1904).

breaking, Washington has retained it with respect to buildings not used as dwellings thereby requiring the breach of a building made by trespass. Perkins on Criminal Law at 149 (1957); Clark & Marshall on Crimes § 13.03, at 999 (7th ed. 1967); cf. *State v. Rosencrans*, 24 Wn.2d 775, 167 P.2d 170 (1946). This element is absent in the instant case. See *State v. Stephens*, 150 La. 944, 91 So. 349 (1922); *State v. Newbegin*, 25 Me. 500 (1846).

■ If the legislature had intended to include the instant facts within the definition of the crime of burglary they could have deleted the words "break and enter" from RCW 9.19.020 and thereby extended the entry portion thereof to include buildings. This they have not done. We do not believe the definition of this crime should be expanded by judicial interpretation. *Marble v. Clein*, 55 Wn.2d 315, 347 P.2d 830 (1959). We do not infer that defendant has committed no crime; rather, he did not commit the crime of second-degree burglary.

Judgment reversed and the case dismissed.

GREEN and EVANS, JJ., concur.