[No. 9133–0–II.  Division Three.  June 4, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN
F. COLLINS, *Appellant.*

*Michael S. Turner,* for appellant (appointed counsel for appeal).

*Jeff Campiche, Prosecuting Attorney,* and *Douglas E. Goelz, Deputy,* for respondent.

MUNSON, J.*—John F. Collins appeals his convictions for

---

*This case was heard by a panel of Division Three judges sitting in Division Two.

first degree burglary, second degree rape, and second degree assault contending the trial court erred in: (1) not holding one of the resident's consent to enter the house constituted a valid defense to the burglary charge; (2) not granting his motions for, *inter alia,* new trial and disqualification of the judge because of presentencing publicity; (3) concluding the burglary and rape did not encompass the same criminal conduct; and (4) imposing an exceptional sentence. We dismiss the burglary charge and accordingly remand for resentencing.

On March 13, 1985, two elderly women, Charlotte, age 72 and Ellah, age 84, were home alone when Mr. Collins knocked on the door. When Ellah answered the door, he inquired whether a Mr. Fletcher lived there. Ellah, only a guest, did not know Mr. Fletcher; she was unsure if he lived in the neighborhood.

Charlotte, the owner of the house, explained that Mr. Fletcher had lived at that residence, but did not presently reside there. Following a short conversation, Charlotte invited Mr. Collins into the house to use the telephone to locate Mr. Fletcher. Referring to a piece of paper containing Mr. Fletcher's name and a telephone number, he used the telephone, but apparently received no answer. He put down the receiver, grabbed both women, stated he was going to rape them, and forced them into a bedroom. He threw both victims on the bed, pinning Charlotte with his leg and partially disrobing her. Meanwhile, he managed to slip off Ellah's pants and nylons, forcibly inserting his fingers into her vagina. Charlotte managed to escape as far as the kitchen where Mr. Collins caught her. In forcing her back to the bedroom, he dislocated her shoulder. After Ellah asked, "What would your mother say if she'd see you now," he broke off the assault and left the house. At no time during the foregoing course of events was he expressly asked to leave the house. Other facts as necessary will be noted in discussion of the issues.

Following a bench trial, the court found him guilty on one count each of first degree burglary, second degree rape

of Ellah, and the second degree assault of Charlotte. At the sentencing hearing, the court determined the rape and the burglary did not encompass the same criminal conduct for purposes of arriving at his offender score. Using the second degree rape scoring form upon which to calculate the sentence, the court determined an offender score of 5. That score equates to a standard range of 46 to 61 months. The court imposed an exceptional sentence of 120 months (10 years) on the basis that the victims were particularly vulnerable due to their advanced ages.

Mr. Collins initially asserts the trial court erred in refusing to find his consensual entry into the house negated one of the elements of first degree burglary, *i.e.,* "enters or remains unlawfully". RCW 9A.52.020. He maintains his consensual entry into the house constituted a valid defense to the charge of burglary. RCW 9A.52.020, the first degree burglary statute, provides in part:

> (1) A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in entering or while in the dwelling or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person therein.

In finding Mr. Collins guilty of first degree burglary, the court stated:

> So I'm going to find that you went into the building lawfully, upon invitation, that while you were lawfully in the building you—your mind's purpose, or your purpose, changed to one of an unlawful nature, an intent to either rape or to assault, and that constitutes unlawfully remaining within the building under the context of RCW 91.50.020 [*sic*].

RCW 9A.52.010(3) provides: "'Enters or remains unlawfully'. A person 'enters or remains unlawfully' in or upon premises when he is not then licensed, invited, or otherwise privileged to so enter or remain." Nowhere in this provision is "enters or remains unlawfully" defined by the intent to commit a crime. Nonetheless, the State supports the trial

court's analysis, relying primarily on *State v. Gear*, 30 Wn. App. 307, 633 P.2d 930 (1981) and *State v. Gregor*, 11 Wn. App. 95, 521 P.2d 960, *review denied*, 84 Wn.2d 1005 (1974). The State's reliance on these cases is misplaced. *Gregor* is not controlling; under the burglary statute then in effect, the entry of a dwelling was not required to be "unlawful."[1] *See Gregor*, at 98. *Cf. State v. Hill*, 5 Wn. App. 451, 453, 487 P.2d 654 (1971) (holding former RCW 9.19.020 required an unconsented entry where the charge involved a building as opposed to dwelling). The only statutory requirements of the second degree burglary statute analyzed in *Gregor* were a simple "entry" with the requisite intent.

In *Gear* the court construed the current second degree burglary statute which, like the statute here, requires that the person "enters or remains unlawfully". *Gear* held that the facts raised a reasonable inference from which a rational trier of fact could find the element of unlawful entry under RCW 9A.52.030. There, the defendant was found in a crawl space of an office building in the early morning hours by police officers responding to an electronic burglar alarm; the defendant was equipped with a screwdriver and pen flashlight; the building's owner testified only employees had permission to be in the building at that hour; and Mr. Gear was not an employee.

Here, on the other hand, Charlotte consented to Mr. Collins' entry into the residence. Although his use of fraud or deceit to gain entry would vitiate this consent and make this entry unlawful, the facts do not support such a theory as the trial court itself noted. Upon knocking, Mr. Collins inquired of a former resident and was given permission to enter and use the telephone. Thereafter, he entered into the course of conduct that forms the basis of these charges.

---

[1]The former second degree burglary statute, RCW 9.19.020, interpreted in *Gregor*, at 97, provided: "'*Every person who, with intent to commit some crime therein shall*, under circumstances not amounting to burglary in the first degree, *enter the dwelling house of another* . . . shall be guilty of burglary in the second degree . . .*"

Hence, we can only speculate whether he, in fact, intended to commit the crimes before going into the house, thus making such entry deceitful or by deception.

We do not find the State's interpretation, *i.e.*, that an otherwise lawful entry or remaining becomes unlawful if accompanied by the necessary criminal intent, persuasive for two reasons. First, such an interpretation nullifies the statutory requirement of "enters or remains unlawfully". Once the necessary criminal intent is found then the entry, of necessity, would be unlawful. The Legislature is presumed not to engage in unnecessary or meaningless acts and a statute must be interpreted so no part is rendered superfluous or insignificant. *State v. Wanrow,* 88 Wn.2d 221, 228, 559 P.2d 548 (1977).

Second, if such an interpretation is adopted, any crime committed indoors would, of necessity, also constitute some degree of burglary. For example, every shoplifter would be guilty of burglary. Although the modern statutory definition of burglary has little in common with its common law ancestor, *State v. Bergeron,* 105 Wn.2d 1, 5, 711 P.2d 1000 (1985), the Legislature does not appear to have intended such a result when it drafted the current burglary statutes with the requirement of "enters or remains unlawfully". A change in legislative intent is presumed when a material change is made in a statute. *State v. Baxter,* 45 Wn. App. 533, 540, 726 P.2d 1247 (1986). We believe the addition of the element "unlawful" in the current statutory definition of burglary was intended to prevent an individual where entry was as a matter of right, by invitation or privileged, from being convicted of burglary in the first degree.

The State also argues the victims invited Mr. Collins in for the limited purpose of using the telephone and he exceeded the scope of that consent by sexually assaulting the victims. However, the consent given by Charlotte was unqualified. *Cf. State v. Corcoran,* 82 Wash. 44, 143 P. 453 (1914) (employee's entry was a trespass where employer had expressly limited the authority to enter). More importantly, the State's contention ignores the fact that rarely

does one consent to having a crime perpetrated against him or her. If the State's view is followed, it leads to the conclusion that *any* time a person commits a crime in a house or building, then he or she has, of necessity, exceeded the scope of consent and has "remained unlawfully."

Thus we hold, in construing RCW 9A.52.010(3) and .020(1) together, a person who commits a crime within a dwelling may not be convicted of first degree burglary unless there are sufficient facts from which to infer independently that the entry or remaining was unlawful, uninvited, or otherwise without consent. *Accord, Smith v. State,* 362 P.2d 1071, 1073–74 (Alaska 1961); *People v. Carstensen,* 161 Colo. 249, 420 P.2d 820, 821 (1966); *State v. Lozier,* 375 So. 2d 1333, 1336–37 (La. 1979); *State v. Rogers,* 83 N.M. 676, 496 P.2d 169, 170 (Ct. App. 1972); *State v. Taylor* 17 Or. App. 499, 522 P.2d 499, 501 (1974). *Cf. Hill,* at 452–53. The burglary conviction is dismissed.

Our dismissal of the burglary conviction necessitates our remand of the case for resentencing because the court used that conviction to arrive at Mr. Collins' standard range. Nonetheless, we address his sentencing issues as they may affect the resentencing.[2]

Mr. Collins contends the court erred in concluding the rape and burglary were not "separate crimes encompassing

---

[2]An issue is also raised regarding the effect of newspaper articles and editorials that immediately preceded the sentencing hearing. The judge noted the media's attention to this case; the news articles were based on the then prosecutor's reasons for seeking an exceptional sentence; the defense attorney was also quoted on his position. The crime was sufficiently vile that we doubt the judge needed any assistance from the news media in reaching his decision to impose an exceptional sentence. Obviously he had made no comment to the news media. Inasmuch as we remand for sentencing, time has passed, and different persons represent both the State and Mr. Collins, we see no reason to address this assignment of error.

the same criminal conduct" pursuant to former RCW 9.94A.400(1)(a).[3] Because of our dismissal of the burglary conviction, that issue is moot. Nonetheless, because it may arise in other cases, we address the issue and hold the rape, the assault, and the burglary (had there been one) encompassed the same criminal conduct. The offenses were committed against the same victims, at the same place, and at the same time; thus, they were intimately related as they were "'committed as part of any ordered or continuing sequence or under any recognizable scheme or plan.'" *State v. Rienks,* 46 Wn. App. 537, 542, 731 P.2d 1116 (1987) (quoting *State v. Adcock,* 36 Wn. App. 699, 706, 676 P.2d 1040, *review denied,* 101 Wn.2d 1018 (1984)). Likewise, the crimes were committed in an effort to accomplish a single criminal objective, *i.e.,* assault and rape with one or both of the victims. *Rienks,* at 543.

Finally, Mr. Collins alleges the court erred in imposing an exceptional sentence based on the victims' advanced ages. The sentencing judge may find that the victims' ages, *i.e.,* 72 and 84, justifies an exceptional sentence. Former RCW 9.94A.390(2), aggravating circumstances, provides that an exceptional sentence may be imposed where "[t]he defendant knew . . . the victim[s] of the offense [were] particularly vulnerable . . . due to . . . advanced age . . ." *Cf. State v. Armstrong,* 106 Wn.2d 547, 549–50, 723 P.2d 1111 (1986); *State v. Wood,* 42 Wn. App. 78, 80, 709 P.2d 1209 (1985), *review denied,* 105 Wn.2d 1010 (1986).

---

[3]Former RCW 9.94A.400(1)(a), in effect when Mr. Collins was sentenced, provided: "Except as provided in (b) of this subsection, whenever a person is convicted of two or more offenses, the sentence range for each offense shall be determined by using all other current and prior convictions as criminal history. All sentences so determined shall be served concurrently. *Separate crimes encompassing the same criminal conduct shall be counted as one crime in determining criminal history.*" Laws of 1984, ch. 209, § 25, p. 1074, superseded by Laws of 1986, ch. 257, § 28, p. 937.

102

The burglary conviction is dismissed; we remand for resentencing consistent with this opinion.

THOMPSON, A.C.J., and GREEN, J., concur.

Review granted by Supreme Court September 1, 1987.