[No. 29813. Department One. March 25, 1946.]

THE STATE OF WASHINGTON, *Respondent,* v. DON ROSENCRANS, *Appellant.*[1]

[1]Reported in 167 P. (2d) 170.

*Harold M. Gleeson,* for appellant.

*Carl C. Quackenbush* and *Clarence P. Smith,* for respondent.

DRIVER, C. J.—Defendant was convicted of second-degree burglary upon an information alleging that he did,

" . . . with intent to commit some crime therein, break and enter a room, to wit: Room 621 in the Davenport Hotel building . . . in the City of Spokane . . . said room then and there being a place where property was kept for use and deposit."

Defendant has appealed from the judgment and sentence entered on the verdict.

Error of the trial court is assigned (1) in denying appellant's motion for a continuance; (2) in not sustaining appellant's challenge to the sufficiency of the evidence; and (3) in giving its instruction No. 3 to the jury.

When the case came on for trial on Monday, September 17, 1945, appellant moved for a continuance. The motion was supported by his affidavit, which recited that the 17th was the Jewish Day of Atonement, Yom Kippur, a holy day of particular significance and solemnity; that members of the Jewish faith on that day are required to fast, are almost continuously engaged in religious ceremonies, and are enjoined from engaging in any business or kindred activity; and that appellant was, and all his life has been, a member of the Jewish faith. The trial court denied the motion on the ground that it was not timely made.

It is impossible for us to determine whether the motion was timely, for the reason that the record does not definitely show when the case was set for trial in the department of the court in which it was tried. Upon the argument of the motion, appellant's attorney contended that it had not been assigned to that department until the day of the trial, but admitted that he had been informed by the deputy prosecuting attorney on the afternoon of Friday, September 14th, that the presiding judge "was going to put it on" for Mon-

day, September 17th. The deputy prosecuting attorney, on the other hand, asserted that, on Thursday, September 13th, the case was set for trial on September 17th.

■ Even though the motion be regarded as timely, the trial court did not abuse its discretion in denying it. Yom Kippur is not a legal holiday. Manifestly, the courts, in making up their calendars, cannot inquire into the religious beliefs of litigants and attorneys and avoid the setting of cases on days which are considered sacred. Our heterogeneous population embraces a multitude of different religions, sects, and cults having a great many days which are regarded as sacred or of special significance. It would not be possible for the courts to defer to them all without undue interference with the administration of justice. The following quotation from 12 Am. Jur. 454, § 8, is in accord with our view:

"In conformity to the rule that a man's moral or religious principles cannot be allowed to interfere with the administration of justice, a continuance for conscience' sake will not be granted, as where a Jew has scruples in regard to appearing in court as a witness on Saturday."

No other authority in point has been called to our attention by either appellant or respondent, and we have found none.

■ In the present case, our primary concern after all is to determine whether any prejudicial errors have been committed in the superior court. The trial started at 1:30 p. m. on September 17th, and the taking of testimony was concluded the same afternoon. Appellant testified at length in his own behalf, and there is not the slightest indication in the record that his substantial rights were prejudiced in any way by his being required to go to trial on that particular day.

In support of his assignments of error which question the sufficiency of the evidence to sustain the verdict, appellant points out that, having charged him with second-degree burglary of a place where property was kept for use and deposit, the state had the burden of proving a breaking within the meaning of the burglary statute. He contends

that there was a failure of proof as to that element of the offense.

The pertinent evidence for the prosecution is as follows:

On May 19, 1945, at 6:45 in the morning, R. F. Johnson, an employee of the General Petroleum Corporation, arrived in Spokane on a train from Seattle. Pursuant to an invitation previously extended, he went directly to room 621 in the Davenport hotel, then occupied by two other employees of the corporation. Upon finding the outer door of the room unlocked, Johnson entered without waking the occupants, who were asleep in their beds. In order not to disturb them, he left the door ajar "about three or four inches." (The hotel manager testified that the door had been equipped with an automatic device which controlled it, made it "a trifle harder to open," and maintained upon it "a pressure" against either opening or closing.)

When Johnson entered the room, he immediately went to the bathroom to "freshen up." After he had washed, brushed his teeth, and combed his hair, he heard a slight noise, and, turning around, saw appellant in the room. Appellant had the trousers of one of the sleeping occupants in his hands "and was going through the pockets . . . had his hands in the pockets of the trousers." Johnson came out of the bathroom and seized appellant. The house detective and the police were called, and appellant was taken into custody.

Appellant testified that he had gone to the Davenport hotel early in the morning of May 19, 1945, to see an acquaintance, and, by mistake, entered room 621. He said that the outer door of the room was open and that he "just walked in" and "didn't touch the door at all." He also testified that he did not pick up any trousers or touch anything in the room.

■■ The testimony of appellant presented only a factual issue for the jury to determine. The jury's verdict will not be disturbed if there is substantial evidence, or reasonable inference from the evidence, to establish the essential elements of the offense charged. The jury could reasonably have inferred from the evidence related above that, when

appellant entered room 621, the door was ajar only three or four inches and that it was necessary for him to open it further in order to effect his entry. Did this constitute a breaking as the term is employed in connection with the crime of burglary?

■ Many of the early cases held that it did not constitute a burglarious breaking to open further a door or window sufficiently to gain an entrance, but a large majority of the later cases are to the contrary. 9 Am. Jur. 244, § 9; annotation, 23 A. L. R. 112; see, also, A. L. R. Blue Book of Supplemental Decisions.

We think the better reasoning, as well as the weight of authority, supports the modern rule. The gist of burglarious breaking is the application of force to remove some obstacle to entry, and the amount of force employed is not material. The exercise of the slightest force is sufficient. The breaking consists of the removal by the intruder, by the exercise of force, of an obstruction which, if left untouched, would prevent entrance. Hence, the application of force to push further open an already partly open door or window to enable a person to enter a room or building, is a breaking sufficient to constitute burglary if the other essential elements of the offense are present. The following cases support the rule just stated: *State v. Lapoint,* 87 Vt. 115, 88 Atl. 523, 47 L. R. A. (N.S.) 717, Ann. Cas. 1916C, 318; *Claiborne v. State,* 113 Tenn. 261, 83 S. W. 352, 68 L. R. A. 859, 106 Am. St. 833; *Goins v. State,* 90 Ohio St. 176, 107 N. E. 335, L. R. A. 1915D, 241; *People v. White,* 153 Mich. 617, 117 N. W. 161, 15 Ann. Cas. 927, 17 L. R. A. (N.S.) 1102; *State v. Sorenson,* 157 Iowa 534, 138 N. W. 411; *State v. Murray,* 222 Iowa 925, 270 N. W. 355; *Gross v. State,* 191 Miss. 383, 2 So. (2d) 818.

■ Appellant asserts that the court erred in giving instruction No. 3. In that instruction, the court gave the jury the applicable statutory definition of second-degree burglary, correctly defined the terms "break," "enter," "crime," and "larceny," and stated the statutory rule that the unlawful breaking and entering of a building or structure, unless satisfactorily explained, shall be deemed to have been

accomplished with the intent to commit a crime therein, but inserted in the instruction the following paragraph:

"In this connection I instruct you that if you believe from the evidence that the door to Room 621 in the Davenport Hotel was, at the time alleged, so far ajar that the defendant did not open it further for the purpose of entering said room, then, the defendant did not break and enter said room, as the term has been defined to [you], and you should acquit him."

Specifically, appellant's complaint is that the quoted paragraph was "framed in such a negative fashion" as to place upon appellant the burden of proving that he entered the room without breaking, instead of requiring the state to prove beyond reasonable doubt the breaking and entry.

The paragraph could have been omitted, as the instruction was correct and complete without it. With the paragraph added, the instruction was more favorable to appellant than it otherwise would have been, since appellant testified that he had entered the room without further opening the door, and, therefore, the court virtually instructed the jury to acquit him if they believed his testimony in that regard. Moreover, in several other instructions, the court correctly informed the jury that the state had the burden of proving by competent evidence and beyond a reasonable doubt every material allegation of the information, every element of the offense charged, and every fact relevant and necessary to a conviction. It is clear that, considered as a whole, there was no error in the instructions prejudicial to the appellant.

The judgment is affirmed.

MILLARD, SIMPSON, STEINERT, and MALLERY, JJ., concur.