[No. 35898. Department One. November 16, 1961.]

THE STATE OF WASHINGTON, *Respondent*, v. HENRY JACKSON, *Appellant*, ARTHUR THOMAS, *Defendant*.\*

*Joseph R. Burns*, for appellant.

*Charles O. Carroll*, by *Victor V. Hoff*, for respondent.

\*Reported in 366 P. (2d) 217.

ROSELLINI, J.—The appellant, Henry Jackson, was charged by information with the crime of burglary in the second degree, in King County. He appeals from a verdict of guilty, assigning as error the denial of his motion for dismissal at the close of the respondent's case and his motion in arrest of judgment or for a new trial. His sole contention is that there was not sufficient evidence of a breaking to support the verdict.

RCW 9.19.020 provides:

"Every person who, with intent to commit some crime therein shall, under circumstances not amounting to burglary in the first degree, enter the dwelling house of another or break and enter, or, having committed a crime therein, shall break out of, any building or part thereof, or a room or other structure wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree and shall be punished by imprisonment in the state penitentiary for not more than fifteen years. [1909 c 249 § 327 . . .]"

The evidence tended to show that, on the evening of January 28, 1960, the appellant entered a building known as Thrift Mart, Inc., on Aurora Avenue, in Seattle, by climbing on top of a car parked in the alley back of the building, and, with the aid of an accomplice, climbing from that position through a window. A witness observed this entry and called the police, who, upon their arrival at the scene, gained entrance through a fire door leading into an adjoining building, and discovered the appellant hiding under a clothes rack.

The window through which the appellant entered was composed of several sections, from one of which the pane was missing. The manager of the Thrift Mart testified that this opening had been covered by a piece of plywood which he had observed in place on January 27, 1960. This was found on the floor beneath the window shortly after the appellant was apprehended. The store was not open for business during this period, and the manager had been directing the removal of merchandise. He had been in the store on the day of the burglary, and, while he had not observed the plywood in place that day (the window was

approximately twelve feet above the floor), he testified that he was working in the area beneath the window and would have observed the piece of wood had it been on the floor.

The appellant was familiar with the building, having worked there on January 27 as a casual laborer.

In instructing the jury concerning the proof necessary to establish a breaking, the court said:

"You are instructed that breaking is the application of force to remove some obstacle to entry, and the amount of force employed is not material. The exercise of the slightest force is sufficient. The breaking consists of the removal by the intruder, by the exercise of force, of an obstruction which, if left untouched, would prevent entry."

By not assigning error to this instruction, the appellant concedes that it correctly states the law. However, he contends that only by piling inference on inference could the jury arrive at the conclusion that he pushed the plywood out of the window. But we think the circumstantial evidence was sufficient to sustain the verdict. The manager testified that the plywood had been in place the day before.

 It is well established that when the existence of a state of things is once established by proof, the law presumes that this state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question. *State Finance Co. v. Hamacher*, 171 Wash. 15, 17 P. (2d) 610; 20 Am. Jur. 205, § 207. 2 Wigmore, Evidence, 413, § 437, states the principle:

"When the existence of an object, condition, quality, or tendency at a given time is in issue, the *prior existence* of it is in human experience some indication of its probable persistence or continuance *at a later period.*

"The degree of probability of this continuance depends on the chances of intervening circumstances having occurred to bring the existence to an end. The possibility of such circumstances will depend almost entirely on the nature of the specific thing whose existence is in issue and the particular circumstances affecting it in the case in hand. . . ."

██ There was no evidence that there was anything in the nature of the plywood covering or of the window section which would have caused the plywood to fall of its own accord, and no evidence of any wind which might have blown it down or of any human force which might have removed it. We think, therefore, that the jury was entitled to find that the plywood was in place when the appellant attempted to enter the building and that he pushed it away from the window and onto the floor in order to gain an entry. This required the use of force, however slight, and was sufficient to support a finding by the jury that the element of breaking had been proved. The court did not err, therefore, in submitting the case to the jury nor in refusing to set aside the verdict.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.