[No. 185-41026-3.   Division Three.   October 30, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID LEE LARSON, *Appellant.*

*Alan L. Froelich* (of *Wendells, Froelich & Power*), for appellant.

*E. R. Whitmore, Jr., Prosecuting Attorney,* and *David J. Whitmore, Deputy,* for respondent.

GREEN, J.—Defendant, David Lee Larson, appeals from a conviction of burglary in the second degree.

This appeal presents one issue: Did the state present sufficient evidence of a "breaking" to allow the case to go to the jury?

Richard Winn, a merchant patrolman in Wenatchee, patrolled a portion of the business area between 6:45 p.m. and 5:30 a.m. In the course of his duties he would check the front and rear doors of business premises and enter some to turn lights off or on. About 11:10 p.m. on May 8, 1968, Winn approached the North Central Chevrolet Company for the purpose of turning off certain lights and checking the safe. As he unlocked and opened the front door, he heard a tapping noise. Assuming a mechanic was working late he entered, shut the door and locked it. As he walked toward the noise, defendant suddenly stood up from behind a counter by the safe with a large hammer in his hand. Defendant stated he had a gun and was going to kill Winn. Thereupon, he threw the hammer at Mr. Winn and fled from the room. Winn shot at and missed the defendant. Defendant was apprehended by a police officer a few blocks away, identified by Winn and arrested.

About 11:40 p.m. Detective Sergeant Gerald C. Jefferson and an identification officer arrived at North Central Chevrolet. There they met Winn, another police officer and the owner of the Merchant Police. The building was investigated by Sergeant Jefferson. He found the safe had been punched, a door handle removed and the door open with some of the safe contents on the floor. Also found near the safe were a hammer, wrench, flashlight and two punches. Winn discovered a punch hole in a second safe in a back room.

Sergeant Jefferson testified that except for two open windows, no other areas had been "broken open or left unlocked or found open at that time." Pictures of these two

windows were taken and the photographs admitted into evidence during the trial. When Sergeant Jefferson identified the photographs, he described one as depicting

a window pane that had been broken out, there are two strips of tape above it, I believe masking tape, and it shows two small strips at the bottom part of the window. And although not shown in this photograph there was a section of cardboard lying below the window.

As to the other photograph, Sergeant Jefferson stated:

This is the southeast corner of the basement of North Central Chevrolet showing an open window.

The record shows that no one saw the defendant enter or leave the exterior of the building. The record is void of any eyewitness testimony of a breaking.

It is defendant's position that the oral testimony of Sergeant Jefferson and the two pictures of the open windows were insufficient to create an issue for the jury on "breaking."

The term "breaking" is defined in RCW 9.01.010(20) as follows:

(b) Opening, for the purpose of entering therein . . . any window, shutter, scuttle or other thing used for covering or closing any opening thereto or therein, or which gives passage from one part thereof to another; . . .

In *State v. Rosencrans*, 24 Wn.2d 775, 167 P.2d 170 (1946) at 779, it was said:

The gist of burglarious breaking is the application of force to remove some obstacle to entry, and the amount of force employed is not material. The exercise of the slightest force is sufficient. The breaking consists of the removal by the intruder, by the exercise of force, of an obstruction which, if left untouched, would prevent entrance. Hence, the application of force to push further open an already partly open door or window to enable a person to enter a room or building, is a breaking sufficient to constitute burglary if the other essential elements of the offense are present.

Proof of "breaking" may be shown by circumstantial evidence. *State v. Walters,* 56 Wn.2d 79, 351 P.2d 147 (1960).

It is defendant's contention there was no circumstantial evidence of breaking because there was no proof as to how defendant entered or left the building. More particularly, since there was no proof by the state as to the size of the opening, the defendant may have been able to squeeze through either of the two open windows without enlarging the opening. In that circumstance, no "breaking" would have occurred.

We have carefully examined the photographs of the two windows. The windows involved are steel framed, industrial windows. It would have been helpful if the prosecution had produced measurements of the broken window pane and the angle or degree of opening of the other partially open window. However, we believe based upon visual examination of the photographs and the defendant who was present in court, the jury could find that it would have been impossible for defendant to have entered or left the building without the use of some force in expanding the openings. Force, however slight, constitutes a "breaking." *State v. Rosencrans, supra.*

Judgment affirmed.

EVANS, C. J., and MUNSON, J., concur.

Petition for rehearing denied December 21, 1970.