482

THE STATE OF WASHINGTON, *Respondent,* v. EDWARD C. BORSEY, *Appellant.*

*Asmundson, Rhea & Atwood* and *T. B. Asmundson,* for appellant (appointed counsel for appeal).

*Jane Mason, Prosecuting Attorney,* and *William A. Gardiner, Deputy,* for respondent.

CALLOW, J.—In the early morning hours of March 15, 1970, in Bellingham, Washington, a night clerk observed, through a window, a man hammering the safe in the ticket office of the Burlington Northern Railway. The police were

called and arrived shortly thereafter. The officers found that a window to the ticket office had been broken out. They were admitted to the ticket office by the night clerk and, upon entering with a dog trained in police work, discovered the defendant sitting by a wall in the baggage room perspiring freely. The defendant was taken into custody, and thereafter the premises as well as other areas of the building were searched. No one other than the defendant was found inside.

The defendant was charged and convicted of the crime of burglary in the second degree, and this appeal is brought in his behalf by court-appointed counsel other than the counsel that represented him at trial.

Defendant's counsel for the appeal filed a brief in his behalf July 1, 1971. In that brief he recites that he has carefully reviewed the entire record and that no error was committed in the trial. Defendant's counsel further states that finding no basis for reversal, the appeal is frivolous; and in accordance with *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), he desires to withdraw. A copy of this brief was mailed to the defendant June 29, 1971, along with a copy of the motion to withdraw as counsel. No response from the defendant has been received by either the court or counsel.

■ Under *Anders v. California, supra,* it is necessary that (a) appointed counsel file a brief referring to those matters in the record that might support an appeal, if any be found, (b) that a copy of the brief be given to the defendant in time for defendant to personally raise any claim of error he wishes to raise on his own, and (c) the court must fully examine the proceedings to determine whether the appeal is wholly frivolous or whether there are legal points arguable on their merits. *Anders v. California, supra* at 744. We have examined the record for arguable error.

■ At the commencement of the trial, an objection was made to proceeding in superior court while an information originally filed in justice court remained pending in that

court. The trial judge correctly held that a preliminary hearing in justice court is not a right of a defendant and that an information charging a felony may be filed directly in superior court. *State v. Canady,* 69 Wn.2d 886, 421 P.2d 347 (1966). The justice court jurisdiction was preempted by the filing of the action in superior court and the setting of a trial date therein. *State v. Jefferson,* 79 Wn.2d 345, 485 P.2d 77 (1971).

In the motion for new trial following the return of the verdict, trial counsel objected to:

1. The failure of the state to prove "breaking and entering."

2. The failure of the court to instruct the jury to return a verdict of not guilty (on the same grounds set forth as the basis for the first objection).

3. The prosecutor's remarks in final argument alluding to clothes found inside the premises as belonging to the defendant when there was no evidence of his ownership.

■ Circumstantial evidence is sufficient to establish breaking and entering, which is an element of the crime of burglary in the second degree. Where it is shown that a premises was secured prior to the apprehension of an unauthorized person therein and no other circumstance is shown to explain the unauthorized presence and where there is physical evidence of the exercise of force to gain entry, this is sufficient to establish, circumstantially, the element of "breaking and entering." *State v. Dugger,* 75 Wn.2d 689, 453 P.2d 655 (1969); *State v. Jackson,* 59 Wn.2d 117, 366 P.2d 217 (1961); *State v. Walters,* 56 Wn.2d 79, 351 P.2d 147 (1960); *State v. Sewell,* 49 Wn.2d 244, 299 P.2d 570 (1956); *State v. Larson,* 3 Wn. App. 525, 475 P.2d 896 (1970).

An objection was made to instruction No. 11 on the ground that it was an incomplete statement of the elements of the crime. The instruction read:

Every person who, with intent to commit some crime therein, shall break and enter any building, or part

thereof, wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree.

The instruction is a paraphrase of those words of RCW 9.19.020 which defines burglary in the second degree in the light of the circumstances of this episode. We see no misstatement or failure to set forth each and every element of the crime in the definition.

■ Objection was made to the remarks of the prosecutor in closing argument inferring that though the glass cutter and raincoat found on the premises did not bear a name, they belonged to the defendant. The objection was made by trial counsel before the statement had been completed. The objection was sustained, and the trial court stated that this was a matter for the jury. We do not find that the remarks, as given, had any prejudicial substance; and, no motion for mistrial having been made, there is no foundation for error. *State v. Estill,* 80 Wn.2d 196, 492 P.2d 1037 (1972); *State v. Noyes,* 69 Wn.2d 441, 418 P.2d 471 (1966), *cert. denied,* 386 U.S. 968, 18 L. Ed. 2d 122, 87 S. Ct. 1053 (1967).

We have performed the functions required by *Anders v. California, supra.* The legal points which portended merit are found wanting, and we find no error. *State v. Mathews,* 4 Wn. App. 506, 482 P.2d 812 (1971); *State v. Haverty,* 3 Wn. App. 495, 475 P.2d 887 (1970).

Appointed counsel's request to withdraw is granted, and the judgment is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.