[No. 2283-1. Division One. April 1, 1974.]

THE STATE OF WASHINGTON, *Respondent,* v. GEORGE CHARLES HILL, JR., *Appellant.*

*William J. Gaffney,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Jonathan B. Noll, Deputy,* for respondent.

SWANSON, C.J.—George Charles Hill, Jr., appeals from the judgment and sentence entered on a jury verdict finding him guilty of second-degree burglary. His single claim of error is directed to the trial court's refusal to give an instruction to the jury defining a "breaking" as that term is used in connection with the crime of second degree burglary.[1]

---

[1] Defendant proposed the following instruction to define "breaking": "The gist of burglarious breaking is the application of force to remove some obstacle to entry, and the amount of force is not material. The exercise of the slightest force is sufficient. The breaking consists of the removal by the intruder, by the exercise of force, of an obstruction which, if left untouched, would prevent entrance e.g. the breaking of a window, the opening of a door, the pushing further open of a partly open door to effect entrance etc." The state also proposed an instruction defining "breaking," but it is not included in the record; however, at the time exceptions were made, defense counsel advised the court that he had no objection to the state's proposed instruction, but the court declined to give that instruction.

The facts necessary to an understanding of the issue presented, are as follows: Seattle police responded to a call received from a burglar alarm system monitor at about 5:45 a.m. on January 13, 1973, and went to the Manar Sales Co. building at 8300 Military Road South. The investigating officer testified that when he arrived at the building he observed that two first-story windows were broken and that several television sets were lying on the ground outside one of the windows. Accompanied by a police dog, the officer entered the building through the broken window and discovered the defendant Hill and one John Pisoni hiding inside. The officer testified that Hill's pockets were bulging with watches and portable radios which were apparently the property of Manar Sales Co. Defendant Hill explained his presence inside the building by stating that he had become intoxicated at a cocktail lounge the evening before and had asked the bartender to get him a ride home. He testified that the next thing he remembers is that he woke up in the back seat of a car at the side of the Manar Sales Co. building and was told by an unidentified man that "John" was inside. Hill stated that he entered the building through the window to get John and thereafter was discovered by the police. Hill maintained throughout his testimony that he entered the building not to commit a crime but only to get John who was identified later as John Pisoni, out of the building and away from the scene. Pisoni was charged jointly with Hill but entered a "guilty" plea before trial and testified for the defense to the effect that both he and Hill were intoxicated on the night of the alleged burglary and that there had been no discussion between them to plan or commit such a crime. He also stated that Hill had entered the building to get him out; nevertheless, Hill was convicted and this appeal follows.

In ruling on defense counsel's request for an instruction defining "breaking," the trial court apparently believed that because it was undisputed that the defendant Hill entered the building in question through an opening afforded by a broken window, no issue existed as to whether

or not there was a breaking and therefore a definition was not required. Thus, following defense counsel's suggestion that "the jury should be told what a breaking is," the following colloquy took place:

> THE COURT: It is pretty obvious with the window. I don't think there is any issue here. MR. GAFFNEY: Well, I think there is. THE COURT: What would be your issue? MR. GAFFNEY: All right. Did the defendant break that window or didn't he? He doesn't admit breaking any window. THE COURT: It really doesn't matter who broke it, does it? MR. GAFFNEY: Did he participate in the breaking of the window? Was he a party to the breaking of it? THE COURT: Fine. I think that is something you can certainly argue to the jury and cover it also with the instruction given with reference to the definition. That is covered in Instruction No. 4 and it is in subparagraph No. 1 there, the words, "did break and enter," and you will certainly have leave to argue from that on both sides. Exception will be noted.

As the state concedes in its brief, however, the defendant's testimony and his defense was that he entered the Manar Sales Co. building to remove Pisoni and that he had nothing to do with the breaking of the windows or the attempted theft of items inside of the building. Although there is no dispute about the fact that a breaking occurred, there is a total absence of testimony that the defendant Hill either broke the window or was required to use any force to enter the building.

 The state argues that the instructions given by the trial court adequately informed the jury that the state was required to prove a breaking by the defendant before he could be convicted. In effect, the court's instructions advised that to convict the defendant Hill, the jury must find as a fact that the defendant willfully, unlawfully and feloniously did break and enter a building, but nowhere in the instructions given was the jury told what the terms "breaking" or "break" mean in the context of a second-degree burglary offense.[2] In this connection, the state contends

---

[2]Instruction No. 1, in part, advised the jury that the state's information charged that the defendant "did break and enter a building

that the jury could understand the meaning of the instructions without such definition because commonly understood words require no definition. Although this is true, it is equally well settled that the court in the trial of a criminal case is required to define technical rules or expressions. *See State v. Lyskoski,* 47 Wn.2d 102, 287 P.2d 114 (1955).[3]

▮ In view of the evidence presented by the defendant and his witnesses to the effect that he entered the building through a previously broken window, we are of the opinion that there was an issue presented to the jury concerning whether or not defendant's actions amounted to a legal breaking as defined in the applicable statute and interpreted by case law. It was toward that issue that defense counsel directed his proposed instruction based upon the following language of our Supreme Court in the leading case of *State v. Rosencrans,* 24 Wn.2d 775, 779, 167 P.2d 170 (1946):

> Many of the early cases held that it did not constitute a burglarious breaking to open further a door or window sufficiently to gain an entrance, but a large majority of the later cases are to the contrary. . . .
> We think the better reasoning, as well as the weight of authority, supports the modern rule. The gist of burglarious breaking is the application of force to remove some obstacle to entry, and the amount of force employed is not material. The exercise of the slightest force is suffi-

. . ." Instruction No. 4, in part, stated: "To convict the defendant of the crime of burglary in the second degree . . . the state must prove to you beyond a reasonable doubt: (1) That on or about the 13th day of January, 1973, the defendant willfully, unlawfully and feloniously did break and enter a building located at 8300 Military Road S. . . ." Instruction No. 5, in part, stated: "Every person who . . . shall break and enter any building . . . shall be guilty of burglary in the second degree.

"Every person who shall unlawfully break and enter any such building shall be deemed to have broken and entered the same with intent to commit a crime therein, unless such unlawful breaking and entering shall be explained by testimony satisfactory to the jury to have been made without criminal intent."

[3]In this context, it is interesting to note that the trial court saw fit to include in instruction No. 5 a definition of the word "building." It is at least arguable that the word "building" is a less technical or more commonly understood word than the word "break" here at issue.

cient. The breaking consists of the removal by the intruder, by the exercise of force, of an obstruction which, if left untouched, would prevent entrance. Hence, the application of force to push further open an already partly open door or window to enable a person to enter a room or building, is a breaking sufficient to constitute burglary if the other essential elements of the offense are present. [Citations omitted.]

Moreover, it is significant that the legislature apparently deemed the word "break" in the context of the crime of burglary to be sufficiently technical to require definition. RCW 9.01.010(20).[4] Thus, as indicated in *State v. Thompson*, 38 Wn.2d 774, 777-78, 232 P.2d 87 (1951), the legislature modified the historical meaning of the word "break":

Actually, in Rem. Rev. Stat., § 2303(20)(d) [RCW 9.01.010(20)(d)], the legislature appears to have intended to eliminate the *element of force* or *breaking* respecting the crime of burglary in some situations, but only in those where entry was accomplished through a pipe or a chimney or a *similar* opening which might provide easy ingress or egress without the necessity for any application of force to achieve entry.

In this regard, we note that it appears the legislature also has eliminated the element of force as one which must be proved to establish a breaking in cases involving entry "by any threat or artifice . . . or by collusion . . . ." RCW 9.01.010(20)(c).

In the case at bar, entry was not achieved through a pipe

---

[4] RCW 9.01.010(20) provides:

"The word 'break,' when used in connection with the crime of burglary, shall include:

"(a) Breaking or violently detaching any part, internal or external, of a building;

"(b) Opening, for the purpose of entering therein, any outer door of a building or of any room, apartment or set of apartments therein separately used and occupied, or any window, shutter, scuttle or other thing used for covering or closing any opening thereto or therein, or which gives passage from one part thereof to another;

"(c) Obtaining entrance into such building or apartment by any threat or artifice, used for that purpose, or by collusion with any person therein;

"(d) Entering such building, room or apartment by or through any pipe, chimney or other opening, or by excavating or digging through or under a building or the walls or foundation thereof."

or chimney or other similar opening, nor was it achieved through threat, artifice or collusion. With reference to the possibility of collusion, we note that defendant Hill was not charged as a principal under the aiding and abetting language of RCW 9.01.030, nor was the jury given an instruction on the subject of aiding and abetting. In any event, there was no testimony that Hill obtained entry by collusion with another or, specifically, as an accomplice of Pisoni. Under the circumstances of this case, it is apparent that the testimony presented required the jury to resolve the question of whether or not the defendant "did break" by gaining entry to the Manar Sales Co. building by the use of some force as defined in *State v. Rosencrans, supra.* We conclude the jury should have been so advised.

It is apparent from the foregoing discussion that the word "break" (or "breaking") is a word which does not have the same meaning in every context,[5] and, further, that it is a word which has a varied and specialized meaning within the context of our state burglary statutes. *See* RCW 9.01.010(20); *State v. Walters,* 56 Wn.2d 79, 351 P.2d 147 (1960); *State v. Thompson, supra; State v. Rosencrans, supra; State v. Hill,* 5 Wn. App. 451, 487 P.2d 654 (1971); *State v. Larson,* 3 Wn. App. 525, 475 P.2d 896 (1970). Therefore, we hold that the term "break" (or "breaking") in the context of the crime of burglary is a technical legal term of art which must be defined by the trial court when it is used in jury instructions. The failure of the trial court to give such a definition in this case constitutes error requiring a new trial.

The judgment of the trial court on the verdict is reversed and the cause is remanded for a new trial.

JAMES and WILLIAMS, JJ., concur.

Petition for rehearing denied June 25, 1974.

Review pending by Supreme Court August 20, 1974.

---

[5]For example, the term "break open" as used in RCW 10.31.040 permitting an officer to enter a building to make an arrest in a criminal action means simply *entry without permission. See State v. Miller,* 7 Wn. App. 414, 499 P.2d 241 (1972).