Patricia GORDON,
Plaintiff–Respondent,

v.

George Kay GORDON a/k/a George Kenneth Gordon,
Defendant–Appellant.

No. 14982.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 23, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Nov. 13, 1987.

No appearance for plaintiff-respondent. George Gordon, pro se.

PREWITT, Judge.

Plaintiff sought to recover child support from defendant under the Uniform Reciprocal Enforcement of Support Law, §§ 454.010—454.360, RSMo 1986. Defendant answered and trial was set for October 7, 1986. Thereafter, on September 16, 1986, defendant requested a continuance from that trial setting. The trial court set a hearing for October 6, 1986 on the motion requesting a continuance. Defendant did not appear at that hearing nor did he appear at the time of the trial. Judgment for child support was entered against him on October 7, 1986.

On appeal defendant contends that a continuance should have been granted because he could not appear on October 7, 1986, as it was "The Last Great Day, which is a sabbath." In his motion for a continuance defendant indicates that the "Last Great Day" is a part of the "Feast of Tabernacles". Page 4 of defendant's brief says, "In 1986, this festival was from September 29, at sundown, to October 7, at sundown." Page 5 of his brief states, "The Feast of Tabernacles lasts seven (7) days through October 6, but October 6 is not a Holy Day, it is a festival day." His motion for continuance stated that: "Feast of Tabernacles. Begins sunset Sept. 28, through sunset Oct. 7th, 1986. Lev. 23:33–44." Attached to his motion and made "a part thereof is a brochure explaining the dates of the holy days."

That attachment does not indicate to us that October 7, 1986 was a sabbath. The only date mentioned in it is "Sunday, September 29th". The attachment could be construed as indicating that the feast started that evening. The last time September 29 was on a Sunday was in 1985. Our research indicates that in 1985 the Feast of Tabernacles began on September 29 and ended on October 7, and in 1986 it began on October 17 and ended on October 25. See 1 Encyclopedia Judaica 142 (1972). The attachment to the motion is set forth below.[1]

1. Barrister's Inn
School of Common Law
GEORGE GORDON
P.O.BOX 297
ISABELLA, MISSOURI 65676
417–273–4967

THE FEAST OF TABERNACLES

The Feast of Tabernacles, will be observed this year in Missouri by George Gordon teaching the every day application of the 759 Biblical laws. Subjects covered will include healing our land, how to regain possession of your land, how to invoke God's protection, and God's end of the deal if you practice the law. Learn how to claim what land is rightfully yours, how to invoke the necessary protection to keep it off the tax rolls, and how to do so lawfully. The topics taught are the basis for justification and defending your 1st Amendment Religious freedoms on the courtroom floor.

Congress recognizes the Bible as the foundation of the United States as is evident in Public Law 97–280 96 Stat. 1211.

The Supreme Court has recognized Article 1 of the Bill of Rights; "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; ...."

George exercised his Freedom of Speech to uphold Biblical Law in the 9th Federal District Court of Appeals, the second highest court in the land, on August 5, 1985. He presented his argument on the Right not to take an oath as we've been directed in James 5:12. The court upheld his presentation of Biblical Law.

No one can practice the Law because no one knows what the Law is. Who teaches the Law? Our ministers don't, the law schools nor the parochial schools do, the public schools cannot, and the lawyers don't even know it.

Hosea 4:6 My people are destroyed for the lack of knowledge ...

George Gordon has not taught the Law prior to this Feast of Tabernacles. He has previously attempted to show his students that it is not being practiced, but this is the first time he will teach and show us how we've been misled and duped.

Proverbs 29:18 Where there is no vision, the people perish; but he that keepeth the law, happy is he.

The practice of Common Law has made the United States the most prosperous nation in the world in less than 150 years. Students that have been through our school in Missouri have discovered that they are practicing communists through ignorance of the law. Communism is not profitable nor is ignorance of the law.

Land Sabbaths, the Jubilee year, ownership of any land, and how to retain title to your farm

Defendant states in his brief "that the truth behind this case is religious persecution of the Appellant as the complaint in this case is not true, nor are the children in this case mine." Defendant says that he was given four possible trial dates, September 16, September 25, September 30, or October 7, 1986. He asserts that "[t]hese dates coincide perfectly with the Holy Days, and it is no accident that Judge Holstein picked these four dates, then chose October 7 as trial date. It was picked deliberately, over and above my objections and against my will, by Judge Holstein, with Prosecuting Attorney John Jacobs [who represented the plaintiff], because they are Masonic brothers and have a secret oath to protect and aid one another."

Defendant states that as Masons the trial judge and the prosecuting attorney, the sheriff, a state trooper and a federal judge have conspired to "perpetuate religious persecution" of him. He contends that because of an oath that they have taken, he cannot receive "any attendable trial" date from those officials.[2]

There is nothing in the record which establishes that the persons claimed are Masons or that they have conspired in any manner to deny religious or other rights to defendant. This court is not prepared to judicially notice any of the claimed memberships or the consequences of such membership. Judicial notice must be exercised cautiously. If there is doubt about the notoriety of a fact, judicial recognition of it must be declined. *Endicott v. St. Regis Investment Co.*, 443 S.W.2d 122, 126 (Mo. 1969).

After the trial court set the motion for continuance for October 6, 1986, defendant moved that the motion hearing be rescheduled because it occurred during the Feast of Tabernacles and "the punishment for not keeping the Feast is death by stoning."[3] Defendant further alleged in his motion to reschedule the motion hearing date that he had "been commanded by God to keep this Feast under penalty of death and not to do so would be treasonous to

---

will be discussed. Start practicing the law by observing the Feast of Tabernacles, leaving your permanent place of dwelling and learning the law. Deuteronomy 16:13–17.

I would like to have an advance registration and deposit as attendance will be limited. Call Jackie at (417) 273–4967 or mail your $100 to P.O. Box 297, Isabella, Missouri, 65676. The admission for this seminar will be $150 a single or $185 a married couple. Children under 16 are free; unmarried children of the attending parents that are 16 to 21 are admitted for $50 each. Practice one statute by bringing gold, silver, or other substance; Lev. 19:35.

Barrister's will provide transportation between the farm where classes are held, and the airport in Springfield, Missouri. There is babysitting available. Food and housing are very reasonable in this part of the Ozarks, which is the Bass fishing capital of the world. Anglers Resort in Isabella rents kitchenettes with two double beds for only $110 a week; their number is (417) 273–4967 ... and don't forget to mention the Gordons.

There will be a potluck picnic and reception on Sunday, September 29th at the farm starting at noon. Everyone's welcome.

2. Defendant's brief states:
Here is their oath to one another:
On Page 183 of the "Masonic Handbook" it says:
"Whenever you see any of our signs made by a brother Mason, and especially the Grand Hailing Sign of Distress, you must always be sure to

obey them, even at the risk of your life. If you're on a jury, and the defendant is a Mason, and makes the Grand Hailing Sign, you must obey it; you must disagree with your brother jurors, if necessary, but you must be sure to not to bring the Mason guilty, for that would bring disgrace upon our order.

You must conceal all crimes of your brother Masons, except murder and treason, and those at your own option, and should you be summoned as a witness against a brother Mason, be always sure to shield him. Prevaricate, don't tell the truth in this case, keep his secrets, forget the important points. It may be perjury to do this it is true, but you're keeping your obligations.

On Page 184 of the same book:
"If you cheat, wrong, or defraud any other society or individual, it is entirely your own business. If you cheat government even, Masonry cannot and will not touch you; but be very careful not to cheat, wrong, or defraud a brother Mason or lodge. Whoever else you may defraud, live up to your obligations."

The alleged book is not in the record nor does the record contain anything which would support these assertions.

3. No citation is given for this punishment. For information on the feast generally see Leviticus 23:33–44; 2 The Interpreter's Bible 115–116 (1953).

God." How and when or by what authority he was so commanded is not explained.

On October 7, 1986, when this matter came on for trial, the judge was informed by plaintiff's attorney that defendant "spent the entire day yesterday in federal district court in Springfield." In his brief defendant acknowledges that was correct, but states that "October 6 is a festival day that I would not spend in court if I could prevent it, or if it wasn't an emergency." He states that the hearing in federal court was an emergency caused by the arrest of an acquaintance of his the previous week.

Defendant claimed that he could not appear in circuit court on October 6 due to the penalty of death, but has acknowledged that he appeared in federal court that day, apparently without punishment. This, together with the variances in the dates of the Feast of Tabernacles as contained in defendant's motion for continuance and his brief, and our research on those dates, casts doubt upon defendant's claim that October 7, 1986 was a holy day and was of such significance that he could not have appeared. Moreover, even if it was a holy day defendant was not absolutely entitled to a different trial date.

When possible to do so without creating a serious disruption to the proceedings or the court's schedule, a court should accommodate sincerely held religious beliefs. Unfortunately, it is not always feasible to accommodate those beliefs.

"Our heterogeneous population embraces a multitude of different religions, sects, and cults having a great many days which are regarded as sacred or of special significance. It would not be possible for the courts to defer to them all without undue interference with the administration of justice." *State v. Rosencrans*, 24 Wash.2d 775, 167 P.2d 170, 171 (1946). A person's moral or religious principles cannot be allowed to interfere with the court's proceedings. Id. See also *Philips v. Gratz*, 2 Pen. & W. 412, 416 (Pa.1831) ("religious scruples ... will receive all the indulgence that is compatible with the business of government", but continuance from sabbath not a matter of right).

The grant or denial of a continuance lies within the legitimate discretion of the trial court. *Chapman v. St. Louis County Bank*, 649 S.W.2d 920, 922 (Mo.App.1983). It has not been established that the trial court abused its discretion here.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.