Gary L. Smith, Lebanon, for respondent.

**In re the ESTATE OF Dorothy J. BOOKER, deceased.**

**LACLEDE ELECTRIC COOPERATIVE, Claimant–Appellant,**

v.

**Grat Miguel BOOKER, Personal Representative, Respondent.**

No. 16867.

Missouri Court of Appeals, Southern District, Division One.

Feb. 15, 1991.

MAUS, Presiding Judge.

By a claim against her estate, Laclede Electric Cooperative (Cooperative) seeks to recover on a bill for electricity supplied to a deceased customer, Dorothy J. Booker. The bill for April 1989 was $49.31, the bill for May was $54.39 and the bill for the period from that date to June 14, 1989, was $472.53. After adding late charges, disconnect charges and crediting a deposit, the claim was for $568.66. The personal representative of the decedent contended the Cooperative did not make a case because it did not present evidence the meter at the home of the decedent was accurate. Following a trial without a jury, the Probate Division of the Circuit Court denied the claim.

In addition to the bill of the Cooperative, the evidence included the following testimony. Austin Fonda had been the Member Service Director for the Cooperative since June 5, 1989. He said he was certain the bill was correct. He had worked with meters of the type in question and they were very accurate. However, he acknowledged they did malfunction. He had not personally seen a meter that had malfunctioned. The meter in question was in the vault of the Cooperative. Fonda had tested meters in the field. The meter from the decedent's home had not been tested. Fonda assumed it was correct.

Victor Wood was a lineman for the Cooperative. He disconnected the service and removed the meter on June 14, 1989. He said that when he pulled the meter there was a spark, indicating to him there was electricity at the meter. However, the meter base seal and the inner meter seal were gone. This indicated the meter had been tampered with. But, he said, the fact that the seals were broken would not, alone, cause the meter to malfunction.

The testimony also, in a very vague way, established the decedent had been murdered in the home serviced by the meter. The date of the murder is not shown, but it is assumed to have occurred within a month before the meter was disconnected. Two of the decedent's children were at the home after the murder and before the meter was disconnected, and they testified there was no electricity in the house.

At the close of the testimony, the court took the case under advisement for ten days for the possibility that the claimant might reopen and provide additional evidence. The court indicated the only evidence that could be admitted would be evidence as to the accuracy of the meter. The Cooperative offered no further evidence. Judgment was entered denying the claim.

The Cooperative's point on appeal is that the trial court erred because "appellant's burden of proof was met without additional evidence being presented entitling it to the amount due in that a submissible case does not require expert testimony as to the accuracy of electric meters." The Cooperative supports that point by saying "[t]his requirement is not necessary because such evidence is a matter of common knowledge." Therefore, the Cooperative concludes the Probate Division of the Circuit Court was required to take judicial notice that the meter in question was accurate.

In failing to present additional evidence, and in making this point, the Cooperative has misconceived the requirement of the trial court. That requirement was not to present evidence that electric meters in general are accurate. It was evidence that the particular meter at the deceased's home was accurate. This distinction is recognized in a criminal case concerning radar speed devices based on the Doppler principle. *State v. Calvert*, 682 S.W.2d 474 (Mo. banc 1984). Also see *State v. Guenther*, 744 S.W.2d 564 (Mo.App.1988).

It may be assumed that it is common knowledge that electric meters of the type in question are generally accurate. It is not necessary to decide that a court can never, even though there is no reason to suspect the accuracy of a meter, accept the premise that a particular meter was accurate. The doctrine of judicial notice is discussed in Mo.Sources of Proof, Sections 3.19 and 3.21 (MoBar 3rd ed. 1989); Mo.Evidence Restated, Section 201 (MoBar 1984). That doctrine is subject to qualifications. In circumstances such as this case, it has been stated

> "[t]he doctrine of judicial notice is not a hard and fast one but is one which must be tempered by judicial discretion, the Court not being bound to take judicial notice of matters of fact; and whether they will do so or not being dependent on the nature of the subject, the issue involved and the justice of the case." *Schilling v. Bi–State Development Agency*, 414 S.W.2d 818, 826 (Mo.App. 1967).

It is recognized:

> "Judicial notice must be exercised cautiously. If there is doubt about the notoriety of a fact, judicial recognition of it must be declined." *Gordon v. Gordon*, 739 S.W.2d 728, 730 (Mo.App.1987).

"The doctrine of judicial notice is a growing and expanding doctrine. Facts that are first noticed in the exercise of sound discretion frequently become so well-established and universally-known by precedent and otherwise that such facts later are required to be judicially noticed." Mo.Sources of Proof, Section 3.21 (MoBar 3rd ed. 1989).

"However, generally, 'the rule consistently followed in this State is that judicial notice is not conclusive and the fact of which notice is taken is subject to refutation.'" *Kunce v. Breen*, 671 S.W.2d 23, 25 (Mo.App.1984).

■ An additional legal principle is applicable to the facts of this case. The electric meter in question was in the vault of the Cooperative. The Cooperative routinely tested meters, even in the field. It did not, however, test the meter in question.

"The failure of a party to produce or suppress evidence which is peculiarly within his knowledge or under his control and which he would naturally be expected to produce if favorable to him gives rise to a legitimate inference that its production would have resulted unfavorably to him and entitles counsel for the opposing party to comment on a failure to produce evidence." *Graeff v. Baptist Temple of Springfield*, 576 S.W.2d 291, 306 (Mo. banc 1978).

■ The seals on the meter were broken, the bill for the last period was inordinately high and the Cooperative did not test the meter. Under the evidence and the foregoing principles of law, the Probate Division did not err in denying the claim. Nevertheless, the Cooperative attempted to prevail upon an issue of general importance to the electric distribution industry. It chose an inappropriate case. For that reason, the personal representative's request for damages for a frivolous appeal is denied. The judgment of the Probate Division is affirmed.

PREWITT and CROW, JJ., concur.