

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| WHITMOOR REALTY, LLC, | ) | ED106011 |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | Appeal from the Circuit Court of |
| | ) | the County of St. Charles |
| KEVIN J. BECKERLE AS TRUSTEE OF THE | ) | 1411-CC00218 |
| DELORA A. BECKERLE LIVING TRUST | ) | |
| DATED JUNE 10, 1999, | ) | |
| | ) | Honorable Ted C. House |
| Appellant. | ) | |
| | ) | Filed: September 24, 2019 |

## OPINION

Kevin J. Beckerle ("Appellant") appeals the judgment of the trial court in favor of

Respondent Whitmoor Realty, LLC ("Whitmoor") for breach of a promissory note executed by

the Dolora A. Beckerle Living Trust, dated June 10, 1999 ("Trust"). We affirm.

## BACKGROUND

On September 1, 2006, Dolora Beckerle ("Trustee") executed a promissory note ("Note")

to Frontenac Bank in her capacity as trustee,[1] which was assigned to Whitmoor on September 25,

2009. Whitmoor's counsel sent Trustee a letter via certified mail on September 29, 2009,

informing her the Trust's obligations under the Note had matured and the entire unpaid balance

---

[1] Trustee also personally guaranteed the note.

was due. Thereafter, Whitmoor foreclosed on the property. It was sold on November 4, 2009, and the proceeds were applied to the amount due. Following the sale, Whitmoor's counsel informed Trustee in writing that after foreclosure of the real estate, the remaining balance of $603,604.73 plus interest was due. The letter further stated Whitmoor had authorized counsel to file suit to collect the outstanding balance.

In November 2010, Whitmoor filed a two-count petition against Trustee and against the Trust for breach of the promissory note and against her individually for breach of the guarantee. While the action was pending, Trustee died May 24, 2012. A suggestion of death was filed, and the cause was ultimately dismissed without prejudice.

Appellant, Trustee's husband of almost thirty-four years, who was designated as co-trustee in the trust instrument,[2] became the successor sole trustee. Thereafter, in his capacity as trustee, Appellant published notices to creditors of the "Estate of DOLORA A. BECKERLE a/k/a DOLORA ANN BECKERLE," which stated "[a]ll creditors of the decedent are notified to present their claims to the undersigned within six (6) months from the date of the first publication of this notice or be forever barred." The notices did not reference the Trust.

On March 7, 2014, Whitmoor filed its petition for suit on the Note against the Trust (Count I) and suit on guaranty against Trustee's probate estate, as she was the named guarantor of the Note (Count II). On May 9, 2014, Appellant filed a Motion to Dismiss. The court heard Appellant's Motion to Dismiss and entered an order denying the motion as to Count I on Whitmoor's claim against the Trust and granting the motion as to Count II on the claim against Trustee's estate for her personal guarantee.

---

[2] We note that the parties did not provide this Court with the Trust instrument; however, Appellant testified he was the designated cotrustee since the creation of the trust.

On August 30, 2017, the case was tried by the court. After hearing the evidence, the trial court entered its order and judgment in favor of Whitmoor in the amount of $675, 257.41.

This appeal follows.

## DISCUSSION

Appellant raises three points on appeal. In his first point on appeal, Appellant contends the trial court erred entering judgment in favor of Whitmoor because any claims against the Trust were time barred by Section 456.5-505.5 RSMo (2016)[3]. In his second point on appeal, Appellant contends the trial court erred excluding evidence regarding the statutory notice posted by Appellant because such evidence was relevant. In his third point on appeal, Appellant claims the trial court erred admitting Whitmoor's Exhibit 27 because it lacked proper foundation and was hearsay.

In his first point on appeal, Appellant argues the trial court erred entering judgment in favor of Whitmoor because Whitmoor's claims were barred pursuant to Section 456.5-505.5. Specifically, Appellant claims that Whitmoor failed to present its claims to the Trustee within the time frame prescribed in Section 456.5-505.5. In response, Whitmoor argues Section 456.5-505.5 does not apply because Whitmoor, as a holder of the Note executed by the Trust, is a creditor of the Trust, not the settlor.

### *Standard of Review*

On review of a court-tried case, our court "will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ivie v. Smith*, 439 S.W.3d 189, 198–99 (Mo. banc 2014) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

---

[3] All further statutory references are to RSMo (2016).

3

*Analysis*

Section 456.5-505 of the Missouri Uniform Trust Code ("MUTC") is entitled "Creditor's

Claim against Settlor" and subsection 5 specifically states:

> Any trustee who has a duty or power to pay the debts of a *deceased settlor* may
> publish a notice in a newspaper published in the county designated in subdivision
> (3) of this subsection once a week for four consecutive weeks . . . All creditors of
> the decedent are noticed to present their claims to the undersigned within six (6)
> months from the date of the first publication of this notice or be forever barred.

(emphasis added). Section 456.5-505.5 (1) further specifies that:

> If such publication is duly made by the trustee, any debts not presented to the
> trustee within six months from the date of the first publication of the preceding
> notice shall be forever barred as against the trustee and the trust property.

Section 456.5-505.5 is silent with respect to creditors of a *trust* and no Missouri court has

drawn a distinction between actions brought under this section against the settlor of a trust and

the trust itself.  Thus, we must look at the plain and ordinary meaning of Section 456.5-505.5 to

determine its intended purpose.

When interpreting a statute, a court must give meaning to every word or phrase of the

legislative enactment.  *Sun Aviation, Inc. v. L-3 Communications Avionics Sys., Inc.*, 533 S.W.3d

720 (Mo. banc 2017) (quoting *BASF Corp. v. Dir. of Revenue*, 392 S.W.3d 438, 444 (Mo. banc

2012)).  "When the statute's language is unambiguous, a court must give effect to the

legislature's chosen language."  *State ex rel. Young v. Wood*, 254 S.W.3d 871 (Mo. banc 2008).

The Trust was not terminated upon Trustee's death, but was subsequently maintained and

controlled by Appellant as successor trustee.  According to Appellant, because he published the

statutory notice contemplated by Section 456.5-505, Whitmoor was required to make a claim

against the Trust by January 27, 2013, and Whitmoor did not file the present action until March

7, 2014.  However, his argument ignores the plain language of the statute.

4

The MUTC clearly states Section 456.5-505.5 applies to creditors of a *settlor*.[4] Nothing in the statute suggests that a creditor is barred from bringing a claim against a trust. In the present case, Trustee executed a personal guarantee in her individual name,[5] but executed the Note in her capacity as Trustee. It is clear Section 456.5-505.5 does not preclude Whitmoor's claim against the Trust pursuant to the Note. Thus, the trial court did not err in entering judgment in favor of Whitmoor because the statute, by its clear terms, only applies to a claim held by the creditor of a settlor, not the Trust.[6] Point one is denied.

In both points two and three, Appellant challenges the exclusion and admission of certain evidence. In his second point on appeal, Appellant contends the trial court erred in excluding evidence regarding the statutory notice posted by Appellant because it was relevant to establish that Whitmoor failed to timely present its claims to Appellant as prescribed in Section 456.5-505.5. In point three, Appellant claims the trial court erred in admitting Whitmoor's Exhibit 27, which provided yearly Bank Prime Loan Rates, because it lacked proper foundation and was hearsay.

### *Standard of Review*

The trial court "enjoys considerable discretion in the admission or exclusion of evidence." *Shallow v. Follwell*, 554 S.W.3d 878, 881 (Mo. banc 2018) (quoting *Lozano v. BNSF*

---

[4] Section 456.1-103 defines "settlor" as "a person, including a testator, who creates, or contributes property to, a trust . . . ."

[5] Her personal guarantee was effectively extinguished upon her death and the trial court properly granted Appellant's motion to dismiss Count I.

[6] Appellant's argument this interpretation would require him to "wait indefinitely" for potential creditors to make a claim against the Trust is somewhat disingenuous, particularly in light of several provisions of the MUTC. As cotrustee prior to Trustee's death, Appellant had a duty to "participate in the performance of a trustee's function. . . ." and both trustee and cotrustee have duties and responsibilities to the trust and trust property, including keeping record of the trust property and protecting trust property. *See* Sections 456.8–810, 456.7-703. This statutory duty presupposes Appellant is in a better position as cotrustee and subsequent sole trustee to be aware of the Trust's obligation on the Note, the foreclosure, and the demand for the remaining balance even absent the multitude of notice of this claim provided to Appellant in the record before us.

*Ry. Co*., 421 S.W.3d 448, 451 (Mo. banc 2014)).  Absent a clear abuse of discretion, the admission or exclusion of evidence will not be grounds for reversal.  *Id*.  The trial court abuses this discretion when its "ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration."  *Lozano*, 421 S.W.3d at 451.  By both statute and rule, our court will "not reverse a judgment unless it believes the error committed by the trial court against the appellant materially affected the merits of the action."  *Cox v. Kansas City Chiefs Football Club, Inc*., 473 S.W.3d 107, 114 (Mo. banc 2015).

## *Analysis*

Evidence must be both logically and legally relevant to be admissible.  *Ball v. Allied Physicians Group, L.L.C*., 548 S.W.3d 373, 384 (Mo. App. E.D. 2018).  "Evidence is logically relevant if it tends to make the existence of any relevant fact more or less probable, or if it tends to corroborate evidence that is itself relevant and has bearing on the principal issue in the case."  *Id*. at 385.  The legal relevance analysis requires that the probative value of the proffered evidence is balanced against its prejudicial effect on the finder of fact. *Cox*, 473 S.W.3d at 116.

At trial, the court excluded Appellant's exhibit ("Exhibit A"), as well as his testimony regarding Exhibit A.  Appellant sought to introduce this evidence to establish he properly published notices as required by Section 456.5-505.5 of the MUTC, effectively precluding Whitmoor's claims against the Trust because they were not brought within the prescribed time frame.  The trial court sustained Whitmoor's objection to the evidence.

As discussed above, Exhibit A, was relevant only to the extent it provided notice to any of Trustee's creditors in her individual capacity as settlor, not to creditors of the Trust.  The notice was compliant with Section 456.5-505 with respect to these debts.  However, as

previously noted, Exhibit A makes absolutely no reference to the Trust and Section 456.05-505 does not apply to bar Whitmoor's claim.  Thus, the notice and related testimony were neither legally nor logically relevant and lacked any probative value regarding a material issue in the case.  Point two is denied.

In point three, Appellant claims the trial court erred in admitting Whitmoor's Exhibit 27 to show the Wall Street Journal's Bank Prime Loan rates because it lacked proper foundation and was hearsay. However, the trial court properly took judicial notice of said rates.

"In Missouri, judicial notice may be taken of a fact which is common knowledge of people of ordinary intelligence, and it may be taken of a fact, not commonly known, but which can be reliably determined by resort to a readily available, accurate and credible source." *State v. Weber*, 814 S.W.2d 298, 303 (Mo. App. E.D. 1991) (internal citation omitted).  "The basic operative condition of judicial notice is the notoriety of the fact to be noticed." *Hammond v. Missouri Prop. Ins. Placement Facility*, 731 S.W.2d 360, 367 (Mo. E.D. App. 1987).  Judicial notice must be exercised cautiously, and if there is any doubt about notoriety of fact, judicial recognition of it must be declined.  *Gordon v. Gordon*, 739 S.W.2d 728, 730 (Mo. App. S.D. 1987).

The record indicates Whitmoor admitted Exhibit 27 into evidence in order to identify the interest rate to calculate the pre-judgment interest owed under the Note.  The prime rates are a matter of common knowledge and may be reliably determined because the rates are set by the Board of Governors of the Federal Reserve System and are published by the Wall Street Journal. While Trustee contends the trial court erred in taking judicial notice of the prime rates, Missouri courts have previously taken notice of interest rates.  *See Gershman Inv. Corp. v. Danforth*, 475 S.W.2d 36, 37–38 (Mo. banc 1971) (taking judicial notice of Federal Housing Administration

7

interest rates on insured loans and of decline in interest rates); *State ex rel. City of St. Joseph v. Busby*, 274 S.W. 1067, 1071 (Mo. banc 1925) ("It is a matter of common knowledge that interest rates were advanced during 1920 over the average of a series of years prior thereto.").

In the present case, Appellant does not argue the document from the Federal Reserve System was not reliable or inaccurate, he simply argues the evidence was improperly admitted because it lacked foundation. However, "[i]f the court chooses to take judicial notice of a fact, admission of evidence of that fact is unnecessary because the proper taking of judicial notice dispenses with the need to prove the fact in question, in accordance with the maxim that 'what is known need not be proved.'" *City of Kansas City v. Mullen*, 690 S.W.2d 421, 423 (Mo. App. W.D. 1985); *see also Modern Graphics, Inc. v. Belger Cartage Services*, *Inc*., 668 S.W.2d 111, 114 (Mo. App. W.D. 1984) (holding that business directory could be accepted as exception to hearsay rule without any further foundation as to its reliability, and court could take judicial notice of preliminary facts justifying its admission as against a hearsay objection.).

Therefore, the trial court did not abuse its discretion in taking judicial notice and admitting Exhibit 27 into evidence. Point three is denied.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
Lisa P. Page, Judge

Philip M. Hess, P.J. and Kurt S. Odenwald, J., concur.

8